(Surrogate's Court, New York County.   November 12, 1909.)

TAXATION (§ 886½*)—TRANSFER TAX—PERSONALTY OF NONRESIDENT.
>    Where the property without the state of a nonresident decedent has
> been used to pay legacies and is sufficient for that purpose, and the prop-
> erty within the state passes to a residuary legatee belonging to the class
> taxable at 1 per cent., a transfer tax at that rate must be imposed upon
> the personalty passing to such legatee.
>    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

In the matter of the transfer tax on the estate of Charles B. Whiting, deceased.   From an order fixing the tax, an appeal was taken. Order reversed.

Order of reversal affirmed by Supreme Court, 139 App. Div. 905, 124 N. Y. Supp. 1134.

John S. Jenkins and Thomas B. Casey, for Comptroller.

Thomas Mills Day, for executor.

THOMAS, S.   In the case of a nonresident decedent, it is only the personal property situated in this state that is the subject of transfer tax.   The purpose of the appraisal is, therefore, to determine the value of such property, and such value must be determined as of the date of death of the decedent.   It is only as incidental to this purpose, and in order to apportion between the property in this state and the property elsewhere the debts and expenses of administration, that an inquiry is made into the value of the property located outside of this state.   Where it is shown, as it is in this case, that the property outside of this state has been used by the executor in the exercise of his acknowledged right of election to pay the pecuniary legacies, that it has proved sufficient to pay all of them, and that all of the property in this state passes to a residuary legatee, who is in the class of persons taxable at 1 per cent., the tax must be imposed at that rate.

The order fixing tax is reversed.   Settle order on notice.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes