In re ABRAHAM.

(Supreme Court, Appellate Division, Second Department.  June 7, 1912.)

1. TAXATION (§ 861*)—TRANSFER TAX—STATUTES—APPLICABILITY.

Though the procedure to determine the amount of a transfer tax is controlled by the statute in force when the proceedings are taken, the rights of the parties and the amount of the tax are controlled by the statute in existence at the time of the transfer, in the absence of clear evidence that the Legislature intended that a subsequent amendatory act should be retroactive as to rates.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

2. TAXATION (§ 861*)—TRANSFER TAX—STATUTES—APPLICABILITY.

The amount of a transfer tax imposed on the estate of a decedent dying while Tax Law (Consol. Laws 1909, c. 60) §§ 220–222, as amended by Laws 1910, c. 706, imposing a transfer tax, was in force, is controlled thereby, and not by Laws 1911, c. 732, amending the Tax Law going into effect subsequent to decedent's death, which was the date of the transfer, notwithstanding the provision that a tax shall be imposed when any person becomes beneficially entitled to any property by any transfer, whether made before or after the passage of the chapter.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the appraisal under the Transfer Tax Acts of the property of Abraham Abraham, deceased. From an order of the Surrogate's Court fixing the amount of the tax, the executors of the deceased appeal. Affirmed.

See, also, 136 N. Y. Supp. 1130.

Argued before · JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Edward M. Grout, of Brooklyn (F. Sidney Williams, of Brooklyn, on the brief), for appellants.

William Law Stout, for respondent Comptroller of State of New York.

BURR, J. Abraham Abraham died June 28, 1911. His will was admitted to probate July 10th. On September 28th proceedings were taken to appraise the fair market value of his property for the purpose of determining the amount of the transfer tax to be paid, and on the 13th of December, 1911, the appraiser's report was filed. On March 8, 1912, the Surrogate's Court of Kings county made an order affirming said report and fixing the amount of the tax. From that order this appeal is taken.

By an act which went into effect July 21, 1911 (Laws 1911, c. 732), the Legislature amended the Tax Law (Consol. Laws 1909, c. 60; Laws 1909, c. 62, as amended, Laws 1910, c. 706). Among other things the amendment related to the rate of taxation upon transfers. The question here presented is whether the tax is to be computed as of the date of decedent's death, or as of the date when the proceedings were taken to determine the amount thereof.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] While the method of procedure in order to determine the amount of a transfer tax is controlled by the statute in force when the proceedings are taken, the rights of the parties and the amount of the tax are controlled by the statute in existence at the time of the transfer, which in this case was the date of decedent's death, in the absence of clear evidence that the Legislature intended that the amendatory act should be retroactive in respect to rates. Matter of Sloane, 154 N. Y. 109, 47 N. E. 978; Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of Van Kleeck, 121 N. Y. 701, 25 N. E. 50.

[2] By section 220 of the Tax Law of 1909, supra, it was provided that:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases."

Then follow six subdivisions specifying the cases in which and the circumstances under which transfers should be taxable. The seventh subdivision of the same section fixed the rate of the tax at "five per centum upon the clear market value of such property, except as otherwise prescribed in the next section." Section 221 then prescribed different rates under the conditions therein specified, and it was then provided by section 222 that:

"All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided."

It will be observed that section 220 relates, first, to the persons or corporations receiving the benefit of the transfer; second, to the cases and conditions to which the act was applicable; and, third, to the general rate of tax, while section 221 related solely to the rate under varying conditions where the general rate did not apply. Each of these sections was amended in 1910. Laws 1910, c. 706. Section 220, as amended, still related to the same three subjects. No change was made in subdivision 7, relating to the general rate of the tax. Changes were made in the designation of the persons or corporations receiving the benefit of the transfer, and also as to the conditions thereof. By the amendment to section 221 changes were also made in the special rates theretofore provided therein. But no change was made in section 222 as to the date when the tax became due and payable. When the act was further amended in 1911 (Laws 1911, c. 732), no change was made in section 222. Section 220 was amended so that it related only to two of the three subjects theretofore included therein. The provision with regard to rate was entirely eliminated, and was transferred, with other provisions relating to special rates, to a new section (221a). This section related solely to the rates of tax, and prescribed the same under varying conditions. Subdivision 5 of section 220, as amended by the act of 1911, contains these words:

"When any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer whether made before or after the passage of this chapter."

And appellants seize upon these words as a basis for claiming that the rate of the tax is to be determined by the act of 1911, and not by the act of 1910. These words are not new. Identically the same words appear in the Tax Law of 1896 (Laws 1896, c. 908), except that the final word of the sentence was then "act" instead of "chapter." They have been continued in the various tax laws since that date. They have always referred to one of the conditions upon which a transfer became taxable, and never to the rate. If there could be any doubt of this before, that doubt was removed when, in 1911, the Legislature by a more scientific arrangement of the language of the law limited section 220 in its application to a consideration of the persons or corporations receiving the transfer and to the cases and conditions under which such transfer became taxable. To dislocate this subdivision from its context and make it applicable to the subject-matter of section 221a, the rate of taxation is sustained by no rule of statutory construction. No contention is made that in this case "the time of the transfer" was other than at the date of death.

The order of the Surrogate's Court of Kings county should be affirmed, with $10 costs and disbursements. All concur.