was careful to indicate the children of her brothers and sisters who would take upon the termination of the life estate given to her sisters, namely, those who were living at the time of her death. Her use of the words "living children" indicates that she wished to exclude from participation in her estate the children of any of the nephews and nieces who had predeceased her. Unless so construed, those words would be meaningless. It seems to me, therefore, that the children of the nephews and nieces who predeceased the testatrix are not entitled to any part of the residuary estate left by her.

I will appoint Peter B. Olney, Esq., referee, to hear and determine the claims presented by May Love Landon against the estate and which have been rejected by the executor. The account of the executor does not show whether the claim of Dr. Huddleston has been admitted or rejected. If it has been rejected by the executor, it will be determined by the referee appointed to hear and determine the claims of May Love Landon.

Upon the filing of the referee's report a decree may be submitted on notice providing for distribution of the estate among the legatees and directing that the residuary estate be held by the executor named in the will for the purpose of paying the income thereof to the sisters of testatrix during their respective lives, and for distribution among the remaindermen upon the termination of the particular estate.

---

(89 Misc. Rep. 22)

In re HALEY'S ESTATE.

(Surrogate's Court, Westchester County. January, 1915.)

1. TAXATION &wkey;860—TRANSFER TAX—PROCEDURE—RIGHTS OF PARTIES—AMOUNT—WHAT LAW GOVERNS.

While the procedure to determine the amount of a transfer tax is controlled by the statute in force when the proceedings are begun, the rights of the parties and the amount of the tax are controlled by the statute in force at the time of the transfer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1675; Dec. Dig. &wkey;860.]

2. TAXATION &wkey;862—TRANSFER TAX—AMOUNT—WHAT LAW GOVERNS.

Where the estate of a decedent, who died in January, 1911, was appraised at $6,363.64, one-half of which was transferred to his sister and the balance to nieces and a nephew, each of whom received more than $500, the transfer tax was assessable under Tax Law (Consol. Laws, c. 60) §§ 220, 221, as amended in 1910 (Laws 1910, c. 706), which law was in force when decedent died, and does not provide for any deduction of $100 in case of collaterals, or $500 in case of direct heirs, where the property passing exceeds these sums.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1677; Dec. Dig. &wkey;862.]

In the matter of the appraisal of the estate of Daniel Haley, deceased, under the acts in relation to the taxable transfers of property. From an order of the surrogate, fixing and assessing the transfer tax, an appeal is taken. Affirmed.

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel F. Swinburne, of New Rochelle, for appellant.
John J. Sinnott, of North Tarrytown, for state comptroller.

SAWYER, S. This is an appeal from the order of the surrogate fixing and assessing the transfer tax. The decedent died on the 27th day of January, 1911. Proceedings for the fixing of the transfer tax were duly instituted, and the report of the appraiser was filed November 16, 1914. The amount of the estate upon which a tax was imposed was $6,363.64, one-half of which was transferred to a sister and the balance to nieces and a nephew. The share of each niece and nephew amounted to more than $500.

The attorney for the estate contends that there should be an exemption of $5,000 on the share which was transferred to Margaret Murphy, a sister, and he also contends that an exemption of $1,000 should be allowed on the shares of the nieces and nephew. Both of these contentions are made upon the assumption that the law which was in effect at the date of the entry of the order assessing the tax should apply.

By an act which went into effect July 21, 1911 (Laws of 1911, c. 732), the Legislature amended the Tax Law. The law in effect prior to this was chapter 706 of the Laws of 1910. If the contention of the attorney for the estate is correct the law of 1911 is applicable. If, however, the estate should be appraised in accordance with the provisions in existence at the time of the death of the decedent, then the 1910 law applies.

[1, 2] While the method of procedure in order to determine the amount of a transfer tax is controlled by the statute in force when the proceedings are begun, the rights of the parties and the amount of the tax are controlled by the statute in existence at the time of the transfer, which in this case was the date of decedent's death. Matter of Abraham, 151 App. Div. 441, 135 N. Y. Supp. 891, and cases cited. See, also, Matter of Webber, 151 App. Div. 539, 136 N. Y. Supp. 83; Matter of Niles, N. Y. L. J. Jan. 5, 1912; Matter of Bolton, 157 App. Div. 935, 142 N. Y. Supp. 1109, affirmed 210 N. Y. 618, 104 N. E. 130.

Under the Transfer Tax Law, as it existed prior to the 1910 amendment, no transfers were taxable in the 1 per cent. class if the property passing amounted to less than $10,000, and nothing was taxable in the 5 per cent. class if the property passing amounted to less than $500. Under the present law (chapter 732 of the Laws of 1911) the 1 per cent. class is entitled to a reduction of $5,000 on each transfer, and the 5 per cent. class a reduction of $1,000 on each transfer.

This estate, however, should not be taxed under either of these laws, but should be taxed under sections 220 and 221 of the Tax Law as amended in the year 1910. Section 220 of that law provides:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of more than one hundred dollars * * *"

—except in cases provided for in section 221 of the Tax Law.

Section 221 reads as follows:

"When property, real or personal, or any beneficial interest therein, of the value of not more than five hundred dollars, passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or

widow of a son or the husband of a daughter, * * * such transfer * * * shall not be taxable under this article; if real or personal property, or any beneficial interest therein, so transferred is of the value of more than five hundred dollars, it shall be taxable under this article at the rate of one per centum upon the clear market value of such property."

There is no provision in either section 220 or section 221 for any deduction of $100 in cases of collaterals or $500 in the case of direct heirs, where the property passing exceeds these sums, as is contended by the attorney for the estate. The law differs materially in that respect from the law of 1911. If under the 1910 law the property transferred to collaterals amounted to less than $100, or the property transferred to direct heirs amounted to less than $500, neither transfer would be taxable; but where the property transferred exceeds these sums in the respective classes the entire amount transferred is subject to a tax.

Clearly the Legislature did not intend that the amendatory act of 1911 should be retroactive in respect to rates, and the tax was properly imposed pursuant to the provisions of the 1910 amendment. There should be no exemption of $500 allowed on the share of Margaret Murphy, sister, and no exemption of $100 on the shares of the nieces and nephew.

The order fixing and assessing the tax was properly made and should be affirmed.

Order affirmed.