In the Matter of the Transfer Tax upon the Estate of JOSEPHINE PENFOLD, Deceased.

EDMUND PENFOLD, as Executor, Appellant; THE COMP-TROLLER OF THE STATE OF NEW YORK, Respondent.

Tax — transfer tax imposed upon property passing by will is upon the transfer and is computed upon the amount of the property at the death of decedent — amount of tax is not affected by increase or decrease of value of estate after decedent's death.

The tax imposed by section 220 of the Tax Law (Cons. Laws, ch. 60, as amended) is upon the transfer by will of the property of which decedent died "seized or possessed." It is by the statute "due and payable at the time of the transfer," that is at the death of the decedent. It accrues at that time and the amount of the tax is not affected by an increase or decrease in the clear market value of the estate between the date of the decedent's death and its subsequent distribution among the beneficiaries or transferees under the will.

*Matter of Penfold*, 168 App. Div. 948, affirmed.

(Argued September 30, 1915; decided November 16, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1915, which affirmed an order of the New York County Surrogate's Court denying a motion to modify a prior order assessing a transfer tax upon the estate of Josephine Penfold, deceased.

The facts, so far as material, are stated in the opinion.

*William Mitchell* for appellant. It is evident that no part of the loss of $66,546 incurred during the adminis-

tration of this estate ever passed to or can pass to the legatees or be enjoyed by them and thus is not taxable. (*Matter of Gihon*, 169 N. Y. 443; *Matter of Silliman*, 175 N. Y. 51; 79 App. Div. 98; 38 Misc. Rep. 226; *Matter of Westurn*, 152 N. Y. 93.) In the absence of any life estate, the cash value of personal property actually received at the date of its receipt is the sole basis and extent of the tax. (*Miller* v. *Edwards*, 85 N. J. L. 517; *Matter of Lord*, 111 App. Div. 152; 186 N. Y. 549; *Matter of Mills*, 67 N. Y. Supp. 956.) As to the personal property of the decedent, the interest of the residuary legatees was a mere chose in action and their only taxable interest was and is the value of that chose in action as finally determined by the final decree passing the final accounts of the executor. (*Matter of Gihon*, 169 N. Y. 443; *Matter of Phipps*, 77 Hun, 328; *Matter of Meyer*, 209 N. Y. 386.)

*Alexander Otis, Schuyler C. Carlton* and *Lafayette B. Gleason* for respondent. The transfer tax is due and payable at the date of the death of the testator. (*Matter of Vassar*, 127 N. Y. 1; *Matter of Sloane*, 154 N. Y. 102; *Matter of Davis*, 149 N. Y. 539; *Matter of Westurn*, 152 N. Y. 93; *Matter of Seaman*, 147 N. Y. 69; *Matter of Green*, 153 N. Y. 223; *Matter of Ramsdill*, 190 N. Y. 492.) The tax accruing at death the property must be valued as of that date. (*Matter of Vassar*, 127 N. Y. 1.)

CHASE, J. The testatrix died April 3, 1912, leaving a will which was probated April 12, 1912, and upon which letters testamentary were duly issued to the executors named therein. By said will she gave her residuary estate to her brothers Edmund Penfold and William Hall Penfold in equal shares. Within a few days after the probate of said will a proceeding was commenced in said Surrogate's Court to fix the clear market value of the estate for the purpose of determining the amount of the

transfer tax imposed upon the transfers made by said will. An order was entered April 15, 1913, confirming the report of a referee appointed in said proceeding and in said order the cash value of the interest of each of said residuary legatees was fixed at $342,308.96 and the tax upon each was fixed at $6,619.37.

On the 27th day of September, 1912, for the purpose of securing a five per cent discount upon said tax as provided by statute the executors paid on account of the transfer tax $6,619.37 for each of said residuary gifts, the same being based upon the clear market value of the estate as stated in the petition in the proceeding. The amount so stated and paid is the same amount as subsequently found by said order fixing the tax.

No question is presented relating to the regularity of the proceeding, the accuracy of the statements made in the petition or the amount of the tax if it is based upon the value of the estate of the decedent at the date of her death.

The securities owned by the decedent at the time of her death depreciated in value and were sold or transferred in lieu of cash by the executors at an aggregate loss to the estate of $66,546. This application was made to the Surrogate's Court after the entry of the decree of the Surrogate's Court on the final accounting of the surviving executor, to modify the order fixing the tax on the estate of the decedent by deducting from the clear market value of the estate of the decedent at the time of her death the loss thereon by depreciation prior to and including the date of the decree on the accounting by the surviving executor.

The Surrogate's Court denied the appellant's motion and the Appellate Division has unanimously affirmed the order of the Surrogate's Court. The question arising in this court is, whether a transfer tax is payable upon the clear market value of the estate of a decedent at the date of the death of such decedent or whether the transfer tax

is so payable upon the amount ultimately paid to the beneficiaries under the will.

The appellant's claim is that as the interest of a beneficiary under a will remains a chose in action until the same is actually transferred to such beneficiary by the personal representative of the decedent, the amount actually coming into the possession of the beneficiary and not the amount of the property at the time of the death of the decedent should be taken as the basis for the computation of the tax.

The statutes imposing a transfer tax in this state affecting the question now before us for consideration are:

"A tax shall be and is hereby imposed upon the transfer of any tangible property within the state and of intangible property, or of any interest therein * * *

"1. When the transfer is by will or by the intestate laws of this state of any intangible property, or of tangible property within the state, from any person dying seized or possessed thereof while a resident of the state * * *

"7. The tax imposed hereby shall be upon the clear market value of such property, at the rates hereinafter prescribed." (Tax Law [Cons. Laws, ch. 60], § 220, as amended by chapter 732, Laws of 1911. Also, see chapter 664, Laws of 1915.)

"All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided. * * *." (Tax Law, § 222.)

"If such tax is paid within six months from the accrual thereof, a discount of five per centum shall be allowed and deducted therefrom. If such tax is not paid within eighteen months from the accrual thereof, interest shall be charged and collected thereon at the rate of ten per centum per annum from the time the tax accrued. * * *." (Tax Law, § 223.)

Neither the right to make a testamentary disposition or the right to inherit property is an inherent right. It is

not guaranteed by the fundamental law. It depends entirely upon the consent of the legislature. It can withhold or grant the right, and if it grants it it may make its exercise and its extent subject to such burdens and requirements as it pleases. (*Matter of White*, 208 N. Y. 64.)

The transfer tax is not a tax upon property but upon the right of succession to property, (*Matter of Gihon*, 169 N. Y. 443; *Matter of Dows*, 167 N. Y. 227, 231.) It is upon the right to receive an estate or a portion thereof. The tax (so called) is the toll or impost appropriated to itself by the state for or in connection with the right of succession to property. It accrues, therefore, at the same time that the estate vests, that is upon the death of the decedent. The nature of the tax and the time of its accrual has been repeatedly stated by this court. In *Matter of Swift* (137 N. Y. 77, 83) the court say: "The question is whether the legislature of the state, in creating this system of taxation of inheritances, or testamentary gifts, has not fixed as the standard of right the property passing by will, or by the intestate laws. What has the state done, in effect, by the enactment of this tax law? It reaches out and appropriates for its use a portion of the property at the moment of its owner's decease; allowing only the balance to pass in the way directed by testator, or permitted by its intestate law."

In *Matter of Seaman* (147 N. Y. 69, 74) it was sought to collect a transfer tax upon the residuary property of an estate of one who died prior to the enactment of the Taxable Transfer Act of 1892 (Chapter 399), but which was not received by the remaindermen in possession until after the death of the life tenant under the testator's will and which death occurred after the enactment of such act. The court held that the residuary property was not subject to a tax, and in the opinion it is said: "It is obvious that a right of succession to the estates in remainder passed at once on the death of the testator to the four children and was a vested interest, although subject to be

defeated or modified by subsequent contingencies. * * * We have held that the tax is not upon the property which is transferred, but upon the right of succession which passes to the successor. (*Matter of Swift*, 137 N. Y. 88.) A right of succession passed to the four living children of George at the death of the testator. It came from him; it was transferred by him; taking effect at his death; and passed then or never."

In *Matter of Davis* (149 N. Y. 539, 546) the question under consideration was whether property devised to a remainderman was liable to assessment and taxation as of the date of the death of the testatrix, or at the date of the death of the respondent's mother who was entitled by the will of testatrix to a life estate in the property in question. It was held that the property should be appraised as of the date of the death of the testatrix when the title passed and not as of the date of the death of the life tenant when the possession passed, and the court say: " It has been often held by this court that the tax imposed is not a tax upon property, but upon the right of succession, and, hence, the true test of value by which the tax is to be measured is the value of the estate at the time of the transfer of title, and not its value at the time of the transfer of the possession. The value of the particular estate transferred may increase or be diminished during the time which intervenes between the passing of the title and acquiring the possession by the beneficiary, but we think that circumstance does not affect the value of the estate as a basis upon which the tax is to be imposed."

In *Matter of Westurn* (152 N. Y. 93, 102) the court, in considering a question whether the expense of a litigation over the will should be deducted from the amount of the estate before fixing the transfer tax, say: " We think the surrogate properly disallowed this item. It was not a claim existing against the decedent or his property. The tax imposed by the statute is upon the interests trans-

ferred by will or under the intestate law of the state. The devolution of the property and the right of the state have their origin at the same moment of time. The ascertainment of the value of the taxable interest and the fixing of the tax necessarily takes place subsequent to the death. But the guide is the value at the time of the death, when the interests were acquired."

In *Matter of Sloane* (154 N. Y. 109, 113, 114) the court, after considering the question of procedure in ascertaining a transfer tax, say: "Still, whenever the appraisal is made, the value of the property is to be appraised according to the fair and clear market value of the interest at the time of the death of the testator." In that case the court also say: "The transfer or inheritance tax, so far as residents of the state are concerned, is not a tax upon property, but upon the right of succession to property, and hence the true test by which the tax is to be measured is the value of the estate at the time of transfer of title and not its value at the time of the transfer of possession."

The tax is upon the transfer by will of the property of which decedent died "seized or possessed." It is by the statute "due and payable at the time of the transfer," that is at the death of the decedent. It accrues at that time and the amount of the tax is not affected by an increase (*Matter of Vassar,* 127 N. Y. 1) or decrease in the clear market value of the estate between the date of the decedent's death and its subsequent distribution among the beneficiaries or transferees under the will.

There are many authorities in this state to sustain the conclusion reached by the courts in this case. (*Matter of White, supra ; Matter of Green,* 153 N. Y. 223; *Matter of Whiting,* 69 Misc. Rep. 526; *Matter of Smith,* 150 App. Div. 805; *Matter of Livingston,* 1 App. Div. 568; *Matter of Offerman,* 25 App. Div. 94; *Matter of Ramsdill,* 190 N. Y. 492; *Matter of Abraham,* 151 App. Div. 441; *Matter of Vassar, supra ; Matter of Rice,* 56 App. Div. 253; *Matter of Zborowski,* 213 N. Y. 109; *Matter*

*of Keeney*, 194 N. Y. 281; *Matter of Meyer*, 209 N. Y. 386; *Morgan* v. *Cowie*, 49 App. Div. 612.)

The decisions in the *Gihon Case* (*supra*) and *Matter of Phipps* (77 Hun, 325, 328) are not in any way in conflict with the other decisions cited in this opinion. In the *Gihon* case the court simply held that the right of succession to property of an estate or an interest therein is a right of succession to property of the estate subject to the legal expenses of administration being first deducted therefrom. The right to make such deductions is necessarily implied, as shown by the opinion therein, from the provisions of the act. (Former Tax Law, § 227, now § 226.)

In the *Phipps* case the residuary interest sought to be subjected to the tax was not one arising under the will of the decedent but one arising under a will of a person who had previously died and which had not been reduced to possession by the decedent whose estate was under consideration.

The necessity for certainty and uniformity in the time when the tax accrues and becomes due and payable required the adoption by the legislature of a fixed and arbitrary rule.

If, as claimed by the appellant, the tax is imposed upon the several bequests as choses in action, the value of which can only be determined at some date subsequent to the death of the decedent when on an accounting by the personal representative or otherwise the bequest is received in possession, it would lead to such confusion and uncertainty as to make the collection of the tax unnecessarily burdensome and at least to some extent impracticable.

The order of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.