Surrogate's Court, Westchester County, May, 1919. [Vol..107.

Matter of the Final Judicial Settlement of the Accounts of JOHN K. LOVELL, as Executor of the Last Will and Testament of ALANSON J. PRIME, Deceased.

(Surrogate's Court, Westchester County, May, 1919.)

Transfer tax — when no decree will be entered until receipt showing that transfer tax has been paid is produced — executors and administrators.

> Where the assets of an estate, certain stock in a real estate company, were appraised at a certain value and the transfer tax fixed, and upon the judicial settlement of the accounts of the executor six years later it appears that without fault or negligence on his part the assets were worthless, and that he had always been in funds for the payment of the tax, no decree will be entered until a receipt showing that the transfer tax has been paid is produced.

PROCEEDING upon the final judicial settlement of the accounts of an executor.

R. E. & A. J. Prime, for executor.

Francis A. Winslow, for state comptroller.

SLATER, S. The executor herein has filed his final account. The state comptroller objects to the making and entering of a decree upon the account because a receipt has not been presented indicating that the transfer tax has been paid on the estate. · ·

Section 236 of the Tax Law says that no executor, administrator or trustee shall be entitled to a final accounting on an estate under the settlement of which a tax is due under the provisions of this article unless he shall produce a receipt so sealed and countersigned.

A tax under this law is laid upon the value of the

taxable transfer of the assets. The assets in this case were certain stock in a real estate company which was appraised at a certain value some six years ago. Without fault or negligence upon the part of the executor, the value has shrunken so that, at the present time, it is without value. I understand that there is no contention as to this fact.

It is contended that the facts in this case come within the decision of the court in *Matter of Meyer*, 209 N. Y. 386, wherein Judge Collin, writing for the court, states that the executor is not personally liable for the tax where its value, during the process of administration, has vanished without fault or delinquency upon his part and he has been unable to get from the estate moneys for the payment of the tax.

After careful deliberation, I am satisfied that this case is not within the court's ruling in the *Meyer* case. It is true the court said: "An obvious contemplation and intention, expressed by the provisions, is that the money to be used by the executor, administrator or trustee in the payment of the tax, and which through the payment is to produce and give him possession of the receipt, should be collected by him from the transferred property. When its collection has been impossible, the taking and production of the receipt is impossible, within the intent of the provisions, and the provision barring him from a final accounting is inapplicable. A case in which, after a hearing upon proper notice to all parties interested, it is adjudged that an executor, administrator or trustee has been unable to get or collect the moneys for the payment of the tax from the transferred property through the destruction of the property or obliteration of its value during the process of administration, without fault or delinquency upon his part, is excepted from the general provision through implication."

Surrogate's Court, Westchester County, May, 1919. [Vol. 107.

From this part of the opinion it is argued by the attorneys for the executor that a decree should now be entered discharging the executor but I am of the opinion that the facts of the case and the law laid down in *Matter of Penfold,* 216 N. Y. 163, throw light on the court's meaning in the *Meyer* case. Judge Chase in the *Penfold* case, citing the *Meyer* case, said: " The tax is upon the transfer by will of the property of which decedent died ' seized or possessed.' It is by the statute ' due and payable at the time of the transfer,' that is at the death of the decedent. It accrues at that time and the amount of the tax is not affected by an increase (*Matter of Vassar,* 127 N. Y. 1) or decrease in the clear market value of the estate between the date of the decedent's death and its subsequent distribution among the beneficiaries or transferees under the will."

In the instant case, the executor has always been in funds for the payment of the tax as fixed. The decision in the *Meyer* case, I believe, was based upon the fact that the estate yielded a value less than the expenses of administration. Therefore the executor did not receive or acquire any money or property usable for the payment of the transfer tax and the court held that an executor in such a case was relieved of the individual responsibility as laid down in section 224 of the Tax Law.

Decree discharging the executor is denied until receipt for the payment of the transfer tax is produced.

Decreed accordingly.