In the Matter of the Estate of WILLIAM HARTFIELD, Deceased.

Surrogate's Court, Kings County, April 17, 1931.

*Louis H. Hahlo*, for the petitioners.

*Davis, Polk, Wardwell, Gardiner & Reed*, for St. John's Guild, legatee.

*Cohen & Roeder*, for Beth Israel Hospital, legatee.

*Stroock & Stroock*, for Montefiore Hospital for Chronic Diseases, legatee.

*Hoadly, Lauterbach & Johnson*, for the Mount Sinai Hospital, legatee.

*Cardozo & Nathan*, for Jewish Social Service Association, legatee.

*Hurry & Dutton*, for trustees of the Masonic Hall and Asylum Fund, legatee.

*Ernst, Fox & Cane*, for the Educational Alliance, legatee.

*Emmet, Marvin & Martin*, for the Home for Incurables, legatee.

*Curtis, Mallet-Prevost, Colt & Mosle*, for Lenox Hill Hospital, legatee.

*John T. Magan*, for the Seton Hospital, legatee.

*Strasbourger & Schallek*, for the Hebrew Orphan Asylum of the City of New York, legatee.

*Frederick A. Keck*, special guardian for Rose Rosenfeld, an incompetent, and Winifred Mary McDonald, Margaret Lillian McDonald, Christian Pendlebury and Raymond Pendlebury, infants.

WINGATE, S.  The position of the executor herein respecting the allocation of the transfer taxes upon the final vesting in possession of the remainders presently payable, demonstrates a fundamental misconception of the basic nature of the transfer tax under the New York law.  This remainder now passes in the proportion of two-fourths to Charles Treuchtlinger, one-fourth to Beatrice McDonald, and one-fourth to charitable corporations.  The bequests to the last named are tax exempt under the terms of the statute.  The total distributable remainder amounts to approximately $445,841.76, of which Charles Treuchtlinger receives $222,920.88, Beatrice McDonald $111,460.93, and the charities approximately $111,460.93.  The tax assessed on this interest of the first named individual amounts to $14,733.67, and against that of the second to $6,652.27, making a total tax payable of $21,385.94.

The executor proposes to deduct this aggregate tax from the total distributable remainder and then to divide the balance in the proportions of one-half to Treuchtlinger and one-fourth each to McDonald and the charities.

The result of such procedure would be to tax the two individuals and the two charities on the same basis and at the rate of approximately four and seven-tenths per cent, whereas the statute directs that transfers to persons bearing the relationship to the testator of these individuals shall be taxed at five per cent and transfers to charities like those here present shall not be taxed at all.

The practical outcome, in dollars and cents, is that the sum of $5,346.48 is diverted from the charities in a manner in contravention of the legislative policy, and that the individuals are improperly enriched by a like amount.

The fallacy lies in the executor's failure to understand that " the transfer tax imposed by the laws of this State is a tax, not on the property of the estate, but on the succession by the legatee * * * to the fortune of the deceased " (*Matter of Gihon*, 169 N. Y. 443, 445), and " is the toll or impost appropriated to itself by the State for or in connection with the right of succession " by such individual to specified property. (*Matter of Penfold*, 216 N. Y. 163, 167.)

As this court stated in its recent opinion in *Matter of Burroughs* (137 Misc. 844, 848): " Since, therefore, the tax assessed upon the right of inheritance of any particular beneficiary is a purely personal matter with such beneficiary, it is, of course, obvious that the executor would not be justified in using any funds in the estate beneficially belonging to another beneficiary whose tax had been paid for the purpose of paying the tax of the beneficiary which had not been paid."

In the case at bar the situation is identical, since in essence the taxes of the charitable corporations have been paid by the terms of the statute which declares them exempt.

*Matter of Vanderbilt* (172 N. Y. 69) and *Matter of Tracy* (179 id. 501) are unquestionably most excellent law but are wholly inapplicable to the question here presented. They determine merely that between the State and the executors, the entire fund is liable for the tax. This has no possible bearing, however, on the marshaling of diverse rights of individuals interested in that fund.

The legacies to the charities will, therefore, be paid over to them without any deduction for the taxes assessed against the individual distributees, whose shares must bear the assessments against them, respectively.

Proceed accordingly.