## In the Matter of the Estate of CALOGERO CAPUTO, Deceased.

Surrogate's Court, Bronx County, February 1, 1932.

*John Santora*, for the appellant.

*Edgar Hirschberg*, for the State Tax Commission.

HENDERSON, S. The executor appeals on two grounds from the report of the transfer tax appraiser and from the *pro forma* order fixing the transfer tax herein upon such report.

The first ground is that in ascertaining the value of the estate, the appraiser erroneously appraised certain shares of corporate stock at their respective values at the date of decedent's death instead of at the time the donee thereof, under a gift of the residue, became of age. The residuary legatee, decedent's son, was also named as executor of and trustee under the will, but the testator also provided, in the case of the son's infancy, for the appointment of another as executrix and trustee " in his place and stead until such time as my said son shall arrive at the age of twenty-one (21) years." The appellant also erroneously contends that this so-called " temporary executrix " could not dispose of any of these shares of stock and that they could not be sold until the son became of age. They are not specific legacies nor do they expressly fall into any trust. They form part of the residuary estate which is given absolutely to the son. In any event they must be evaluated as of the time of decedent's death, which is the date of the accrual of the tax on the unlimited, unconditional and independent transfer thereof. (Tax Law, § 222, as amd. by Laws of 1921, chap. 476; *Matter of Penfold*, 216 N. Y. 163, 169; *Matter of Hazard*, 228 id. 26, 31; *Midurban Realty Corp.* v. *F. D. & L. R. Corp.*, 247 id. 307, 309.)

The fact that these shares of stock decreased in value subsequent to decedent's death does not affect the amount of tax accruing

at his death. (*Matter of Penfold, supra; Matter of Hazard, supra.*)

The second ground of appeal relates to the inclusion among the assets of " an item to the extent of $102,505.73  *  *  * which purports to represent a loan in said amount payable to " the decedent. The appellant objects to such inclusion " upon the ground that it was erroneously and improperly taxed as an asset and the liability contingent, uncertain and the collection thereof impossible." He contends that " it has not been shown that the appellant beneficiary has ever come into possession of the fruits of said loan or that there is any possibility whatsoever that the corporation will ever be able to pay it, because it appears from the balance sheet of the accountant that the Caputo Realty Corporation, which is indebted unto the said decedent in the sum taxed, has only a surplus of $4,105.50, which is an amount insignificant and inconsistent to the sum which said corporation owes to said decedent."

Appellant's claim that the value of this chose in action can only be determined at some date subsequent to decedent's death and that the debtor may never be able to pay it cannot be upheld (*Matter of Penfold,* 216 N. Y. 163, 170), especially in view of the items appearing in such balance sheet, attached to the appraiser's report. An examination thereof shows that this relatively small surplus is due to the inclusion of this debt among the corporation's liabilities, and the further deduction of the amount of the capital stock, and that such surplus, exclusive of this loan and the capital stock, is $111,611.23. The appraiser properly included this item among decedent's assets, whether or not the same was disclosed in the schedules submitted to him.

The order fixing the transfer tax, in so far as it is appealed from, is affirmed. Settle order.