In the Matter of the Estate of JEROME NAPOLEON BONAPARTE, Deceased.

Surrogate's Court, New York County, February 14, 1925.

**Taxation — transfer tax — jurisdiction of surrogate on appeal from order fixing tax is limited to review of order and to testing its validity on questions of fact or law — surrogate cannot direct manner of payment of tax — order modified so as to set forth correct dates of accrual of tax on remainders.**

On appeal from an order fixing a transfer tax, the jurisdiction of the surrogate is limited to a review of the provisions of the order fixing the tax and to the testing of its validity on questions of fact or law. He has no jurisdiction to make direction as to the manner of payment of the tax. The appeal cannot be used for the purpose of modifying the order so as to direct the refund of a tax previously paid or to exonerate the executors or trustees from personal liability for the tax, or to enforce the issuance of a waiver for the transfer of securities by the State Tax Commission.

Such an order, however, may be modified so as to set forth the correct dates of accrual of the tax on remainders, that is, the date of the death of the life tenants.

APPEAL from order fixing transfer tax.

Surrogate's Court, New York County, February, 1925.    [Vol. 124

*James Gillin,* for the substituted trustees.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.:

The appeal of the substituted trustees from the order fixing the transfer tax on the various grounds is disposed of as follows:

The first and second grounds of appeal are overruled. The third, fourth and fifth grounds are sustained. The decedent died September 3, 1893, a non-resident of this State. Proceedings to fix the transfer tax were not begun until almost thirty years after the date of death.

(1) As to the first and second grounds of appeal, the substituted trustees seek to have inserted in the order fixing the tax a direction that certain transfers are not liable for the tax assessed against other transfers in the estate, that the remaining assets be declared to pass free from any lien, and that the substituted trustees are not individually liable for the tax. The executrix, who was the widow, paid a legacy to one of the legatees without deducting the tax thereon. Moreover, no tax was paid by the widow (the executrix) upon the transfer of the value of the life estate created for herself by the terms of the will. The widow died November 19, 1911. The *pro forma* order fixing tax appealed from accurately fixed the tax on the value of these two transfers. On an appeal from such an order it is no part of the jurisdiction of the surrogate to make a direction as to the manner of payment of the tax. His jurisdiction is limited to review the provisions of the order fixing tax and to test its validity on questions of fact or law. The appeal cannot be used for the purpose of modifying the order so as to direct the refund of a tax previously paid, or to exonerate the executors or trustees from personal liability for the tax, or to enforce the issuance of a waiver for the transfer of securities by the State Tax Commission. Such relief must be obtained by mandamus, or by other appropriate proceeding. (*Matter of Coogan,* 27 Misc. 563; affd., 45 App. Div. 628; affd., 162 N. Y. 613; *People ex rel. Metropolitan Trust Co.* v. *Travis,* 191 App. Div. 129.)

It is only fair to state that the contention of the appellants is apparently correct. *First.* That under the statute of 1892 (Laws of 1892, chap. 399), which was applicable to the present estate, the tax on a life estate could not be charged against the whole trust fund, but must be paid by the life tenant or by the trustee out of income. It should be noted that under the existing law a different rule prevails and the tax on a transfer to both life tenants and remaindermen is paid out of the corpus. The second contention of the appellants also appears to be correct, that the lien of the statute only attaches to the assets passing under a specific transfer against which the tax

is assessed.  (*Smith* v. *Browning*, 225 N. Y. 358; *Simonds* v. *Rowe*, 110 Misc. 52.)  I am, however, without jurisdiction on the appeal to grant the relief on these grounds or to modify the order in this regard.  The appeal on these grounds must, therefore, be denied.

As to the third, fourth and fifth grounds of appeal, the order should set forth the dates of accrual of the tax on the remainders after the life estates of the widow and daughter as of the dates of their death.  The order is inaccurate in fixing the tax on these interests as of the date of decedent's death.  It may be corrected in this respect by fixing the date of accrual of the surviving life estate of the daughter as of November 19, 1911, when the widow died, and fixing the date of accrual of the remainder as of January 22, 1923, the date of the daughter's death.  The order should also suspend taxation on the remainders which have not yet fallen in. The appeal on these grounds is, therefore, sustained.

Submit order accordingly.