In the Matter of the Estate of HENRY B. ENDICOTT, Deceased.

Surrogate's Court, New York County, October 26, 1926.

**Taxation — transfer tax — decedent died in 1920 — application to surrogate to remit all interest on tax assessed on contingent remainder, or, in alternative, to remit penalty from ten per cent to six per cent — surrogate has no power under Tax Law, § 223, to remit all interest on tax — proper remedy is in Supreme Court — if surrogate had power, all interest should not be remitted — fact that delay in payment was unavoidable justifies remission to six per cent.**

A Surrogate's Court has no power, under section 223 of the Tax Law, to compel the State Tax Commission to remit all interest on a tax assessed on a contingent remainder where the tax was not paid within the time specified in the statute, or in any other manner to regulate the performance of the duties of the Commission, and the remedy of the executors, if any, lies in the Supreme Court by the appropriate remedy of mandamus. However, if the surrogate had power to remit the entire interest, it should not be done, for to do so would be to act contrary to the policy of the State, which is to compel prompt payment of taxes on contingent remainders and to provide for a penalty by way of interest if payment is not made promptly.

But under the circumstances of this case, since it appears that the failure of the executors to pay the tax was unavoidable, the penalty is reduced from ten per cent to six per cent.

Surrogate's Court, New York County, October, 1926.          [Vol. 128

APPLICATION by the executors for an order remitting all interest on the tax assessed on the contingent remainder, or, in the alternative, remitting the penalty from ten per cent to six per cent.

*Sullivan & Cromwell,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S. The decedent died February 12, 1920. Within eighteen months of his death the executors paid to the State Tax Commission the sum of $280,000 in cash. In the taxing order the amount assessed on transfers of vested interests is $187,529.27, and on contingent remainder $219,063.51, a total tax of $406,592.78. The executors state that they now desire to deposit certain securities to make up the balance remaining due on the tax. The executors have tendered securities only of such value as will include the face amount of the tax upon the contingent remainder. The State Tax Commission refuses to accept these securities unless they include the penalty or interest on the tax on the contingent remainder from a date eighteen months after the decedent's death.

The application to remit all interest or penalty is denied. In view, however, of the circumstances disclosed in the moving papers which show that the delay in the payment of the tax was unavoidable, the application to remit the penalty to six per cent is granted.

(1) The court is asked on this motion to declare that no interest whatever accrues on the tax assessed on the contingent remainder. The important preliminary question arises as to the power of the surrogate upon a motion of this kind to remit the entire penalty or interest on any part of the tax fixed in the order. Section 223 of the Tax Law* limits the power of the surrogate to the reduction of the penalty to six per cent when the reasons for the delay in the determination of the tax are those specified in the section. The proceeding for the determination of the transfer tax is purely statutory. This application cannot be entertained unless some provision of the statute authorizes it. In the course of the fixation of transfer tax in estates, the jurisdiction of the surrogate seems to be limited by law to the appraisal or the review of the appraisal by the official appraiser of the Tax Department, the assessment of the tax based upon the appraisal in a *pro forma* taxing order, the exemption of an entire estate, or of a specific transfer, from the tax in a proper case, the review of the *pro forma* order by appeal to the surrogate in the manner authorized by the Tax Law, and, in a proper case, the reduction of the penalty or interest upon the amount of the tax fixed in the order from ten per cent to six per

---

* Amd. by Laws of 1917, chap. 128; since amd. by Laws of 1921, chap. 476.— [REP.

cent. On the other hand, it is clear that the surrogate has no jurisdiction to compel the State Tax Commission to accept the deposit of specific securities, or to require that Commission, in a case similar to that involved here, to accept a reduced amount below the statutory interest or penalty, or to compel the return by the State of moneys or securities, or in any other manner to regulate the performance of the duties of the State Tax Commission. The obvious legal procedure in the latter class of disputes is vested in the Supreme Court with its appropriate remedy of mandamus, and this procedure has been approved by the authorities. (*People ex rel. Metropolitan Trust Company* v. *Travis*, 191 App. Div. 129; *Matter of Hanford*, 113 id. 894; affd., 186 N. Y. 547; *Matter of Coogan*, 27 Misc. 563; affd., *sub nom. People ex rel. Coogan* v. *Morgan*, 45 App. Div. 628; affd., 162 N. Y. 613; *Matter of Jacob* v. *Gilchrist*, 211 App. Div. 62; *Matter of Bonaparte*, 124 Misc. 661.) I am of the opinion, therefore, that the surrogate is without power to remit the entire interest upon the amount of the tax assessed against the contingent remainder, for in effect the applicants here seek to compel the Tax Commission to accept certain securities as a deposit at the face amount of the tax, instead of upon the tax plus the interest or penalty fixed by law. The executors should have proceeded by mandamus to accomplish that purpose.

(2) Assuming, however, that the executors are before the proper tribunal, the application cannot be granted. No distinction is made in the Tax Law between the tax imposed on vested and contingent remainders. The purpose of the Legislature in requiring the present taxation of contingent remainders at the highest rate was to insure the prompt payment into the State Treasury of the amount of the tax. (*Matter of Cole*, 235 N. Y. 48; *Matter of Parker*, 226 id. 260; *Matter of Zborowski*, 213 id. 109.) In *Matter of Zborowski* (*supra*, 116) Judge MILLER writing the opinion says: " In one aspect it may be unjust to the life tenant to tax at once the transfer, both of the life estate and of the remainder though contingent, and it may seem unwise for the State to collect taxes which it may have to refund with interest, but those considerations are solely for the Legislature, who are to judge whether they are more than offset by the greater certainty which the State thus has of receiving the tax ultimately its due under the statute. However unwise or unjust it may seem in a particular case like this for the State to collect the tax at the highest rate when in all probability the remainder will vest in a class taxable at the lowest rate, it is the duty of this court to give effect to the statute as it is written." This legislation would fail of its object if the prompt payment of

the tax was not enforced by the imposition of penalties for non-payment.  The question at issue here was raised and disposed of by the Appellate Division, First Department, in *Matter of Jacob v. Gilchrist* (211 App. Div. 62).  The learned justice who wrote the opinion (which counsel for the executors characterizes in his brief as " ill-considered," but which is extremely comprehensive and logical), says: " In the present case, therefore, it follows under the language of the statute and the authority of the decisions quoted, that the time of the transfer of the contingent remainder in question was the death of the testator; that the tax thereon was payable immediately on such death; and that the amount of the tax then payable was at the highest possible rate which could in any event be imposed on the value of the remainders as fixed and determined.  The provisions of section 223 of the Transfer Tax Law thus becoming operative, if the tax had been paid within six months from the time of decedent's death, a discount of five per cent would have been allowed; not having been paid within eighteen months from death, interest was chargeable at the rate of ten per cent per annum from the time the tax accrued."  (211 App. Div. 62, 68.)

In passing it should be noticed that the Legislature was justified in imposing a penalty to secure the speedy payment of the tax.  With the amount of the penalty the courts have no concern.  That was a question for the Legislature.  The primary consideration was the greater protection and security to the State Treasury in the ultimate collection of its taxes.  If the delay in payment in the present case for almost six years may be justified, the courts may be asked similarly to remit the penalty where the delay was twenty years.  Indeed under the applicant's theory, the time of payment might well be postponed until the ultimate vesting of the trust remainder.  Counsel for the executors relies to a great extent in his brief upon the amendments to sections 230* and 241† of the Tax Law by chapter 800 of the Laws of 1911 relating to the making of a temporary order in the case of contingent remainders and the deposit of securities with the payment of the income thereon to the executor or trustee during the period of the trust with provision, in a proper case, for the return of part of the tax when the fund ultimately vested.  As Mr. Justice DOWLING pointed out in *Matter of Jacob v. Gilchrist (supra)* the time of accrual of all taxes on transfers in estates is the date of death.  The amendments of 1911 in no way modified the provisions of sections 222 and 223

* Amd. by Laws of 1916, chap. 550; since amd. by Laws of 1921, chap. 476; Laws of 1924, chap. 657, and Laws of 1925, chap. 144.— [REP.

† Since amd. by Laws of 1921, chap. 476, and Laws of 1925, chap. 144.— [REP.

of the Tax Law relating to the accrual and payment of the tax and the payment of interest and penalties accruing for non-payment within the specified time. The amendments, therefore, made in 1911 are without application or significance in the determination of the present application. Experience has taught (and this no doubt actuated the Legislature in its imposition of a penalty) that where delay results, in the payment of a tax, beyond a reasonable period which the statute fixes as eighteen months, the entire estate may be wasted or depleted. If the plan contended for by the applicant here was to be adopted, the payment of a large part of the taxes on a contingent remainder might be postponed for years and the inevitable result in a considerable number of estates would be that the State would obtain no tax by reason of loss in value of assets or the mismanagement or defalcation of a trustee or executor.

The application, therefore, to remit the entire penalty or interest on the tax on the contingent remainder is denied. Submit order on notice remitting the penalty to six per cent provided that payment be made within ten days from the entry of the order.