In the Matter of the Estate of BRYAN D. SHEEDY, Deceased.

Surrogate's Court, New York County, October 16, 1930.

*Brower, Brower & Brower*, for the petitioners, executors.

*Charles A. Curtin*, for the State Tax Commission.

FOLEY, S. This is an application for a composition of the transfer tax, pursuant to the provisions of chapter 711 of the Laws of 1930. That statute amended section 233 of the Tax Law, and provided a method of prompt adjustment and final settlement, between the State and the estate, of the transfer tax upon contingent interests and the return of the excess of the moneys or securities which had been deposited to secure the tax. Under the former provisions, the ultimate fixation and payment were postponed until the vesting of such interests and the security remained until that event.

In view of the fact that this application is the first made since the taking effect of the new statute on September 1, 1930, an outline of the form of the procedure to be followed by attorneys for the executor, trustee, or other proper representative of estates seems desirable. An examination of the explanatory note to this

legislation will be helpful. The application should be made upon a verified petition, with notice of motion to the attorney for the State Tax Commission. The petition should recite the material facts, including the date of death, or other date of the transfer, the persons interested, presently or contingently in the respective funds, and the steps already taken in the transfer tax proceeding. There should be included that portion of the appraiser's report which sets forth the beneficiaries and their respective interests, and a copy of the order fixing the tax, previously entered, should be annexed. There should also be a statement as to what contingencies under the will, regarding the fund sought to be taxed, have actually occurred. A copy of the will should also be annexed, or, if a trust deed is involved, a copy thereof should likewise be included. There should also be set forth in the petition the contingencies which would result in the lowest possible tax and also in the highest possible tax on each fund. It should contain a statement that the petitioner, as the representative of the estate, elects to accept the provisions for composition pursuant to section 233. A schedule showing the minimum and maximum tax on each transfer affected by the proposed composition and the estimated amount of the tax on each interest under the composition should likewise be included.

All orders in such proceedings should be noticed for settlement upon the attorney for the State Tax Commission. The order, instead of being an original order in the application for composition, should be an order amending the order fixing tax. It should contain the amount of the minimum tax in order that interest, if any be due, may be computed in accordance with the provisions of the Tax Law. The order should contain no direction for a refund of the excess deposit or of securities since the State Tax Department has jurisdiction of those dispositions, and such directions have been held to be beyond the power of the surrogate.

The application for the composition here is granted. Settle order on notice in accordance with the foregoing instructions.