In the Matter of the Estate of THOMAS L. BYRNES, Deceased.

Surrogate's Court, Bronx County, May 6, 1938.

*Frank Parker Ufford,* for the executors.

*Edgar Hirschberg* [*Charles A. Jacobs* of counsel], for the State Tax Commission.

HENDERSON, S. The executors appeal from the *pro forma* order fixing the estate tax herein upon the appraiser's report on the ground that an additional exemption of $5,000 should have been deducted for the gift to the testator's sister.

The appraiser properly reported an exemption of $20,000 for the widow's aggregate interest under the will but did not report any for the transfer to the sister, and the order followed the report.

The testator created a trust of his residuary estate with the income payable to his widow during her lifetime, and thereafter to his sister, a nephew and three nieces, in equal shares until his nephew reached the age of thirty years.

One-fifth of the trust remainder was given to the testator's sister with the following provision: " In case of the death of my said sister before her receipt of her share of the principal as herein provided, I direct my trustee to pay or apply her share of the income and of the principal, when the same shall become payable, in equal shares to my said nephew and nieces or their issue."

Upon the death of the testator his sister became vested with one-fifth of the trust remainder subject to being divested only by her death before that of the widow, or, if she survived the widow, by her death before the nephew attains the specified age. If she survives both events her expectant estate ripens into possession.

The sole question is whether or not her survivorship can be determined beyond a mere speculative possibility by means of known data and with no uncertainty appreciably greater than the general uncertainty that attends human affairs. (*Matter of Cregan*, 275 N. Y. 337, 344; *Humes* v. *United States*, 276 U. S. 487, 494; *Ithaca Trust Co.* v. *United States*, 279 id. 151, 154.)

The distinction between these decisions of the United States Supreme Court was pointed out in *Matter of Cregan* (*supra*, p. 345). In *Humes* v. *United States* (*supra*) deduction was claimed for the gifts of trust remainders to charity contingent upon the death *without issue* of a girl, unmarried at the date of the testamentary transfer, before she attained a certain age. The court said that no one " — even if equipped with all the aid which the actuarial art can supply — could do more than guess at the value of this contingency," and held that no deduction could be made " for a contingent gift of that character."

Here the contingent gift to the sister is not " of that character." Her expectant estate depends solely upon her survivorship of two events. The Court of Appeals recently construed the statute prescribing the exemptions allowable in taxation of decedent's estates (Tax Law, § 249-q) under article 10-C of the Tax Law

and held " that exemption must be allowed * * * for the ' value ' of any estate, whether in possession or expectant, when that ' value ' can be determined with reasonable certainty upon the basis of known data; and that the value of an expectant estate dependent only upon the contingency of survivorship can be so determined." (*Matter of Cregan, supra*, p. 346.) The reasoning of that authority is applicable to an expectant estate dependent upon two or more such contingencies of survivorship.

The use of accepted standard experience tables of mortality as known data in the evaluation of future estates for purposes of taxation has received authoritative approval (*Humes* v. *United States, supra*, p. 493; *Ithaca Trust Co.* v. *United States, supra*, p. 155; *Matter of Cregan, supra*, p. 345), and the statute prescribes that the value of every future estate be determined according to the actuaries' or combined experience table of mortality. (Tax Law, § 249-v.)

The testator died on May 8, 1937. The widow was born on February 2, 1869, the sister on May 24, 1881, and the nephew on August 25, 1907. All three survived the testator. The nephew would, and did, become thirty years of age within four months after the testator's death.

Applying the known data embodied in the actuaries' or combined experience table of mortality to the above dates, the relevant expectancies of life at the date of the testator's death are as follows: The widow, 9.47 years; and the sister, 16.22 years, or over six years longer than the widow and over fifteen years beyond the date when the nephew would become thirty years of age.

I find that in all human probability and with reasonable certainty the sister will survive the trust and take possession of her gift.

The present value of her estate is readily ascertainable in the customary manner by subtracting one-fifth of the value of the widow's life interest from one-fifth of the trust principal. (See *Ithaca Trust Co.* v. *United States, supra*.) An additional exemption for the transfer to the sister should have been deducted from the net estate. (Tax Law, § 249-q, subd. b.)

It may be noted that the sister's temporary life estate which the testator provided should commence at his widow's death and continue until his nephew became thirty years of age would, with like reasonable certainty, never ripen into possession because the widow's expectancy of life extended more than nine years beyond the time the nephew would arrive at that age.

The appraiser reported that the amount of the trust principal was $49,888.76 and that the present value of the widow's life

interest therein was $13,795. Upon these figures, which are not disputed, the value of the sister's gift was $7,218.75 at the date of the transfer.

An additional exemption of $5,000 is allowed. The appeal is sustained and the *pro forma* order is modified accordingly.

Settle order.