In the Matter of the Estate of ELISE FREIFELD, Deceased.

Surrogate's Court, Queens County, July 7, 1938.

*Harry M. Peyser* [*Edward Devlin* of counsel], for the State Tax Commission.

*John A. Dutton*, for the executors-trustees, appellants.

HETHERINGTON, S. The executors appeal from the *pro forma* order made on December 29, 1937, fixing the estate tax upon the appraiser's report. Review is sought upon the ground that the appraiser failed to allow an exemption of $5,000 for a *possible* grandchild or a deduction of the amounts given to charity.

The decedent died on March 9, 1936, leaving a last will and testament in the fifth paragraph of which she created a trust of $35,000 for the benefit of her son during the term of his natural life. By the ninth paragraph the residuary estate was added thereto. The principal of the trust fund, as thus supplemented, is payable upon the death of the life beneficiary to his surviving issue, share and share alike, *per stirpes* and not *per capita*. In default of such issue, the trustees are directed to divide the same equally between three designated and conceded charitable organizations. The life beneficiary is forty-nine years old, married and childless.

Under section 249-q of the Tax Law the amount of the net estate, not exceeding $5,000, transferred to a lineal descendant of the decedent, is exempt from tax. The statute contemplates the existence of the descendant at the date of death of the decedent. The exemption is granted upon a transfer to one in the favored class. There can be no transfer, unless the transferee is in *existence* at the time of the transfer, that is, the date of the testatrix's death. The statute does not provide for an exemption where, as here, the possibility of a person in the favored class coming into being is purely speculative and undeterminable. In refusing to allow an exemption to a *possible* grandchild, the determination of the appraiser was correct. The first ground of the appeal of the executors is, therefore, overruled.

Under section 249-s of the Tax Law the value of the net estate, for the purpose of the tax, is determined by deducting from the value of the gross estate certain specified amounts mentioned therein, including " the amount of all bequests, legacies, devises or transfers, to or for the use of * * * any corporation * . * * organized and operated exclusively for religious, charitable * * * or educational purposes." In view of the fact that the present Tax Law was patterned after the Federal Estate Tax Law and the quoted language of section 249-s is substantially similar to the corresponding provisions of the Federal statutes, due consideration should be given to Federal decisions construing analogous provisions in the Federal statutes. (*Matter of Weiden*, 263 N. Y. 107; *Matter of Cregan*, 275 id. 337.) Under the terms of testatrix's will, the provision for charity is contingent upon the death of her son *without issue*. Unlike *Matter of Cregan* (*supra*) and *Matter of Byrnes* (167 Misc. 531), the contingency here involved is not one of survivorship. In the former case the Court of Appeals, in construing the Tax Law, section 249-q, relating to the allowable exemptions, said, per LEHMAN, J. (at p. 346): " We decide only that under the statute exemption is allowed for the transfer of estates in expectancy as well as estates in possession; that the

Legislature did not indicate any intention to confine the exemption to transfers of expectant estates which are not dependent upon *any* contingency; but that exemption must be allowed under the plain language of the statute for the ' value ' of any estate, whether in possession or expectant, when that ' value ' can be determined with reasonable certainty upon the basis of known data; and that the value of an expectant estate dependent only upon the contingency of survivorship can be so determined." Here the transfer to charity is dependent upon a speculative possibility that the life tenant will die without surviving issue. The court is neither aware of any known data nor has any been submitted by which it could determine with reasonable certainty the value of estate thus given to charity. Upon the record before me it is unknown and unknowable whether the life beneficiary will die with or without issue. (*Bishop* v. *Bishop*, 257 N. Y. 40, 52.) A claim of charity for a deduction of the estate given to it dependent upon a contingency of like nature was considered and denied in *Humes* v. *United States* (276 U. S. 487). In that case, which was discussed and approved by the Court of Appeals in the *Cregan* case, the will created a trust for a girl fifteen years old and unmarried, with directions to pay her portions of the principal upon attaining the ages of thirty and thirty-five years, the balance to be paid to her when she reached forty. In the event that she should die without issue before attaining the age of forty, the amount of the principal not paid to her was given to charities. Tables, the accuracy of which has not been recognized in this country, were attempted to be used in that case to show the probability that a woman would or would not marry, or would leave children or die childless, or would die without issue before specified ages or that a married man would have children or die childless. The court, in rejecting the deduction claimed on behalf of the charities, said, BRANDEIS, J. (p. 494): " Neither taxpayer, nor revenue officer — even if equipped with all the aid which the actuarial art can supply — could do more than guess at the value of this contingency. It is clear that Congress did not intend that a deduction should be made for a contingent gift of that character." In *Matter of Chollet* (148 Misc. 783), the will created a trust for the testator's daughter, with directions that upon her death one-half of the principal be paid to her then living issue, or, in default of such issue, to her husband, if he then be living, with certain gifts over in the event of his death before the termination of the trust. Testator's daughter had no issue. The son-in-law was alive. Surrogate Foley sustained the appeal taken by the State Tax Commission and disallowed an exemption of $5,000 allowed by the appraiser to the son-in-law. The

principles enumerated in both cases are applicable here. The result should be the same, in the absence of a demonstration, which is non-existent here, of the impossibility of the life tenant having issue. (See *United States* v. *Provident Trust Co.* 291 U. S. 272.) The second ground of the appeal is overruled. The *pro forma* order is affirmed. Submit order accordingly on notice.