In the Matter of the Estate of IDA MEYER, Also Known as IDA CATHERINE SCHWARTZ MEYER, KATHERINA SCHWARTZ, KATHARINA SCHWARTZ, KATHERINA MEYER, KATHARINA MEYER, KATHERINA SCHWARTZ MEYER, KATHARINA SCHVARTZ, KATHARINA SCHVARZ, KATHERINA SCHWARZ and KATHERINA SCHWARCZ, Deceased.

Surrogate's Court, Kings County. April 9, 1941.

*Oberlander & Oberlander,* for the administratrix.

*Harry M. Peyser,* for the State Tax Commission.

WINGATE, S. The legal question here involved does not appear to have been adjudicated since the enactment of the present New York Estate Tax Law. It concerns the authority of the surrogate wholly to remit interest upon the tax due from an estate when payment is not made within eighteen months from the date of death.

The present decedent died on January 30, 1937, and letters of administration were issued two days later. In January, 1938, tax schedules were filed and an appraiser appointed, who reported on May twenty-seventh. On June 9, 1938, a *pro forma* order was entered fixing the tax on the basis disclosed in the schedules. At some unidentified later date additional assets in a substantial amount were discovered, and the matter remitted to the appraiser, who, on March 26, 1941, filed his report in which he assessed an additional tax in respect of such subsequently-discovered assets. The administratrix seeks an order from this court permitting solution of such tax liability by payment of the face amount thereof without interest.

The theory of the estate tax is that it is an impost exacted by the sovereign on the privilege of transmitting property on death.

(Butler, New York Surrogate Law & Practice, §§ 1791, 1792; *Matter of Hard*, 261 App. Div. 192, 193.) Such transmission or devolution occurs at the instant of death of the former owner of the property (*Matter of Killough*, 148 Misc. 73, 86; *Matter of Williams*, 162 id. 507, 509; affd., 254 App. Div. 741; *Read* v. *Williams*, 125 N. Y. 560, 570; *Matter of Hilliard*, 164 Misc. 677, 692; affd., 254 App. Div. 879; *Matter of Goldsmith*, 175 Misc. 757, 759), and this fact is not altered by reason of the circumstance that the new owner does not assume actual possession of the property transmitted, or even is unaware of it, provided only that possession is subsequently assumed. It accordingly follows that the impost inevitably falls due at the instant the privilege of transmission is exercised, and this is precisely the provision which has been inserted in subdivision 1 of section 249-z of the Tax Law: " The tax imposed by this article shall be due and payable at the time of the decedent's death · * * *."

Not only is this obligation of payment expressly imposed by the statute, but the penalty for a failure of compliance is no less explicitly stated. The same subdivision provides that if the tax is not paid within eighteen months after its accrual and no extension of time as therein permitted has been secured, " the tax * * * is subject to interest at the rate of ten per centum per annum." No express authority to waive interest is accorded by the statute to the surrogate and no court either of law or equity possesses any inherent power to vary the terms of an express statute. (*Matter of Zweig*, 145 Misc. 839, 857; *Akin* v. *Kellogg*, 119 N. Y. 441, 447; *Collins* v. *Carman*, 5 Md. 503, 532; *Thompson* v. *Egbert*, 17 N. J. L. 459, 462.) Especially is this true of this Tax Law, which is wholly arbitrary in its terms and must be enforced as written. (*Matter of Suderov*, 156 Misc. 661, 666; affd., 249 App. Div. 763; affd., 274 N. Y. 525.)

The result here attained is identical with the result of a similar application made under the former Transfer Tax Law. (*Matter of Endicott*, 128 Misc. 159, 161.)

Authority is conferred by the statute upon the surrogate to reduce the interest from ten to six per cent upon a demonstration that a delay in payment was due to " unavoidable cause." The moving papers on the present application fail to make any such showing or to set up the facts stated on the argument and allege merely that the additional assets were not earlier discovered, not that they could not have been ascertained by the exercise of reasonable diligence. Furthermore, the relief sought is for a complete remission of interest and not for its reduction.

The motion will be denied.

Enter order on notice in conformity herewith.