In the Matter of the Accounting of THE FIFTH AVENUE BANK OF NEW YORK, as Trustee under the Will of HENRY H. MAN, Deceased, Respondent.

ADDIE M. HOWELL et al., as Executrices of WILHELMINA H. MAN, Deceased, Petitioners.

Surrogate's Court, New York County, September 28, 1943.

*Grace Humiston* for Addie M. Howell and another, as executrices of Wilhelmina H. Man, deceased, petitioners.

*Albert Stickney* and *William E. Jackson, Jr.,* for Fifth Avenue Bank of New York, as trustee, respondent.

*Abraham Binder,* special guardian for James N. Man, an incompetent.

Foley, S. This is a motion in the accounting proceeding of the trustee. The executrices of testator's widow, who under the will was the life tenant of a trust and entitled to an annuity, have asked for various forms of relief. The requests in the original notice of motion were broadened by a supplemental notice. All of the requests may be summarized as follows:

(1) That the executor and trustee be required to institute a proper tax proceeding to recover the amounts heretofore paid on the compromise of the transfer tax which were determined and fixed by formal order entered in 1933 pursuant to the provisions of section 233 of the Tax Law.

(2) That the fiduciary be required to file a further account in order to determine, if any amounts are recovered from the State of New York, whether such amounts be applied to the principal of the trust estate or the share of the deceased annuitant.

(3) For the postponement of the trial and determination of the objections filed to the account until the final determination of the new tax proceeding sought to be compelled to be initiated by the executor and trustee.

(4) For the filing of a final receipt of the final tax after the determination of the new tax proceeding.

(5) Under the requests sought in the supplemental notice of motion, that the corporate fiduciary, in the procurement of the order of composition, was guilty of fraud and misrepresentation and of a breach of trust against the estate of the deceased life tenant and that it be surcharged for the alleged pecuniary loss.

Each and every one of these grounds is overruled and the motion is denied in its amended as well as its original form. The alleged grounds of attack upon the conduct of the executor and trustee are frivolous and insufficient in law. In addition, the moving parties are concluded by a decree upon a prior accounting of the trustee.

There can be no new " tax proceeding " as demanded by the moving parties compelled to be initiated by the fiduciary. The tax proceeding actually conducted was concluded by the order which compromised the tax under section 233 of the Tax Law dated July 21, 1933.

The enactment of section 233 was recommended jointly by the Decedent Estate Commission and the State Tax Commission. The legislative measure contained an explanatory note which is illuminative of the legislative intent. (Combined Reports of the Decedent Estate Commission, page 336.) The section was designed to afford an opportunity for the legal representative of the estate to elect to have the tax compromised in cases where the original order fixed the maximum and the minimum tax and suspended fixation of the ultimate tax until the actual ascertainment of the contingent interests. The formulae for the computation of the settlement were set forth in the section. The beneficiaries were not required to be made parties to the compromise application although they might appear before the surrogate and present their arguments in opposition to the compromise. (*Matter of Barclay,* 161 Misc. 123.)

The statute conferred " full power and authority " upon the legal representatives " to accept the provisions " of the section and to " make the election provided for herein." Its provisions further declared that the election should be deemed to be for the benefit of all of the persons interested. They also significantly declared that when the order was entered " finally and irrevocably fixing and determining the tax payable " the order " shall be binding upon and conclusive " against each and every person interested. The general purposes of this section and the procedure to be followed were outlined in my decision in *Matter of Sheedy* (160 Misc. 28). It was there pointed out that by the compromise of the tax the estate obtained a final adjustment of tax liability, that estate moneys and securities deposited under the authority of the Tax Law would be returned to the fiduciary over and above the amount paid on the composition, and that the State was benefited by obtaining presently for its treasury the absolute payment of the tax instead

of a mere temporary deposit to secure its payment in the future.

An examination of the papers in the official files of this court, which have been made part of this motion, shows that the petition for compromise was prepared by the trustee with meticulous care and with accurate statements of the existing facts and possible contingencies. Its counsel on the application was an expert in transfer and estate tax matters. The proposed compromise complied with the provisions of section 233 of the Tax Law and the order was entered in a form which complied with the terms of that section.

The theory of the moving parties is that the estate was insolvent at the time of the compromise and therefore the fiduciary acted in the composition in derogation of the rights of the life tenant and her estate. This theory is wholly unsupported by the facts and the law. The testator died on March 12, 1927. There had been deposited with the State Tax Department in 1930 as security for the ultimate payment of tax the sum of $35,522.96, which consisted in part of cash and in part of a mortgage participation of the face value of $30,600. Under the form of the composition order and its subsequent execution there was paid to the State in cash the sum of $10,789.02 and the trustee received a final receipt for the payment of all taxes due from the estate. The trustee also obtained the return from the State of the mortgage participation certificate which had been deposited as security.

Moreover, the wisdom of the election to compromise is demonstrated by the fact that the fiduciary's election actually benefited the estate by a considerable amount. This saving might have reached a difference of approximately $25,000, which represents the excess between the actual payment of the tax of approximately $10,000 and the highest possible tax of $35,000. Instead, therefore, of there being any impairment of the rights of the life tenant or the presumptive beneficiaries of the estate, a substantial advantage accrued by the composition.

The charge of fraud or misrepresentation, under such circumstances, is wholly fictitious and unfounded as a matter of law. If the fiduciary had itself applied for a vacatur of the order of composition it would have been promptly denied by the Surrogate because of the absence of legal grounds for such vacatur under subdivision 6 of section 20 of the Surrogate's Court Act.

Contention is made here that the trustee should not have elected to compromise because of the diminution of the value

of the assets. It is an elemental principle of the law of transfer and estate taxation that the shrinkage after death of the value of property left by a decedent can never be made the basis of a modification of the original taxing order. It is a mandatory requirement of the Tax Law that the appraisal of the property shall be based upon values as of the date of death. (*Matter of Hazard,* 228 N. Y. 26; *Matter of Penfold,* 216 N. Y. 163; *Matter of White,* 208 N. Y. 64.) By the same rule the State is deprived of any right to modify the original order in the event of an enhancement of value after the death of the decedent.

Where the fiduciary moves for a compromise under his right of election and complies with the section which authorizes it, and where the order is made after a hearing, on notice to the attorney for the State Tax Commission, with the special scrutiny of the Surrogate in the making of his order finally and irrevocably fixing the tax, a charge of fraud and misrepresentation made against the fiduciary, such as is made here, borders on the ridiculous. There is not the slightest indication of any fraud, misrepresentation or other ground for the vacatur of the order of composition.

Finally, the executrices are concluded by the decree on accounting dated January 18, 1938. These accounting papers have been made part of the record upon this motion. Their testatrix was cited in that proceeding and was represented by an attorney. The accounting proceeding was actually instituted by her demand because she first sought, in a formal proceeding, payment of certain income. Her proceeding was thereafter consolidated with the accounting proceeding.

The facts surrounding the composition and the payment of the tax were fully set forth in the account. No objection was made to it by her although she filed numerous objections to the account. The decree settling the account was entered upon the written consent of her attorney. The decree is *res judicata* on her executrices. (Surrogate's Ct. Act, § 80; *Matter of Sielcken,* 162 Misc. 54; *Matter of Gilford,* 155 Misc. 339, affd. 247 App. Div. 782; *Matter Accountings, Ex'rs of Tilden,* 98 N. Y. 434; *Matter of Starbuck,* 221 App. Div. 702, affd. 248 N. Y. 555.)

In this connection it is also of interest that the present moving parties were brought into that proceeding in their individual capacity as contingent remaindermen. They also made no objection to the composition.

Submit order on notice denying the motion in its entirety accordingly.