In the Matter of the Estate of PATRICK WALSH, Deceased.

Surrogate's Court, Kings County, June 16, 1947.

*Joseph P. Walsh* for petitioner.

*Fred M. Ahern* for State Tax Commission.

McGAREY, S. The problem presented on this motion is the applicability of the provisions of section 249-q of the Tax Law which provide for exemptions in favor of the widow and sons of this decedent.

In 1946 the applicable statute was amended (L. 1946, ch. 380) so as to add the words, " and indefeasibly vested in " after the words " transferred to ", so that as now phrased, said section 249-q provides that there shall be exempted from estate tax so much of the net estate not exceeding $20,000 as is " transferred to and indefeasibly vested in " a surviving spouse and also, so much of the net estate as does not exceed $5,000 in each instance as is " transferred to and indefeasibly vested in " a child and certain other specified beneficiaries who might be generally considered as part of the *family* of a decedent. This treatment accorded to the family of a decedent has been part of the inheritance, transfer and estate tax laws of the State of New York since they were first enacted. The reason and purpose behind such provisions is not only apparent, but sanctioned by sound economic reason. The right of the sovereign power to provide by law for the regulation of the transmission of property on death is unquestioned and it is by virtue of this power that the various taxing statutes have been enacted, but the Legislature at all times has recognized that special consideration should be extended to the specified beneficiaries recognized by it as constituting the family of a decedent whose property is subject to tax upon his death, particularly including a surviving spouse, children, grandchildren and parents and brothers and sisters.

This decedent died September 21, 1946, which was after the effective date of the amendment. He left a gross estate of $18,172.02, and a net estate of $14,698.75. His testamentary scheme was clear and simple. After providing for certain specific legacies of jewelry to his two sons and certain gifts for charitable and religious purposes, he gave one-half of the residue of his estate to his widow and the use of the principal and the income of the other half during her life, as she may desire. Upon her death, he left the remainder as undisposed of by her in equal shares to two sons. The State Tax Commission urges that since the widow had the power of invasion, the legacies to the sons were not indefeasibly vested, and, therefore, that the estate is not entitled to the exemption of $5,000 for each of them.

While it might not be necessary in the determination of this motion to decide that these remainder gifts were indefeasibly vested in the sons, the fact is that they were absolutely vested in them as of the date of the decedent's death and could not be defeated in any manner whatsoever although subject to the right of invasion.

Under no circumstances or interpretation of the testator's will could an amount in excess of the statutory exemption of $20,000 pass to the widow or an amount in excess of the statutory exemption of $5,000 pass to either son. The power to invade does not affect the vesting of the estate in the sons (Real Property Law, § 40; *Matter of Johnson,* 212 App. Div. 768; *Marsh* v. *Consumers' Park Brewing Co.,* 162 App. Div. 256; *Robinson* v. *Robinson,* 173 Misc. 985, 990; *Matter of Parsons,* 50 N. Y. S. 2d 577). Under these circumstances it was the intent of the Legislature and the law provides that the estate shall be exempt from taxation. If the widow exercises her power to invade the principal, the amount which she could use added to the amount which she receives outright would not exceed $20,000. If she does not invade the principal to any extent, the amount which either son would receive could under no circumstances exceed $5,000.

It is the opinion of the court that the Legislature, when in 1946 it added the words " and indefeasibly vested in ", intended to reach that class of cases or situations where the exemption would, by reason of contingencies provided for in the will, inure to the benefit of persons not entitled to an exemption or increase the benefits accruing to individuals entitled to an exemption to an amount in excess of the exemption. No such situation exists here and it is in keeping with the spirit as well as the letter of the law that this court believes that the motion should be granted. Motion to exempt the estate from the estate tax is therefore granted.

Submit order, on notice, accordingly.