In the Matter of the Estate of MORRIS HANFT, Deceased.

Surrogate's Court, Kings County, April 30, 1948.

*Fred M. Ahern* for State Tax Commission, appellant.

*Isaac Bluckman,* as executor of Morris Hanft, deceased, respondent in person.

McGarey, S. The power given to the trustee to invade principal for the benefit of the widow was not an unrestricted power and the trustee must take into consideration the other property, resources and income as well as the physical condition and needs of the life beneficiary in reaching a decision as to whether or not principal should be invaded (*Matter of Martin,* 269 N. Y. 305). The fact that the widow died within slightly more than six months after the testator herein has no bearing on the determination of the question presented. The condition which existed at the time of death of the testator controls (*Matter of Cregan,* 275 N. Y. 337; *Ithaca Trust Co.* v. *United States,* 279 U. S. 151).

Testator died on December 13, 1944, prior to the amendment of section 249-q of the Tax Law by chapter 380 of the Laws of 1946, which became effective April 1, 1946. The amendment, therefore, does not apply.

There is nothing in the report of the appraiser herein or in the papers annexed thereto indicating that any proof was taken by him as to the need for invasion of principal on behalf of the widow. If it can be established that the trustee could or would under the provisions of the will determine that it would not be necessary or advisable for him to invade principal on behalf of the widow, then the exemptions may be allowed (*Ithaca Trust Co.* v. *United States,* 279 U. S. 151). The executor should have an opportunity to submit any relevant proof and this proceeding is, therefore, remitted to the appraiser to take such proof and report accordingly.

Proceed accordingly.