In the Matter of the Estate of Martha M. Stubblefield, Deceased.

Surrogate's Court, Monroe County, May 11, 1948.

824

*James C. O'Brien* and *William A. Centner* for Genesee Valley Trust Company and another, as executors of Martha M. Stubblefield, deceased, appellants.

*Christopher H. D'Amanda* for State Tax Commission, respondent.

WITMER, S. This is an appeal from a *pro forma* tax order of January 22, 1948, fixing the estate tax herein. The computations of the respondent embodied in the order show a taxable estate of $75,062.70, and an exemption allowance of only $5,653.57. Appellants contend that exemption to the extent of $31,008.48 should be allowed.

Testatrix died on July 6, 1947, and her will was admitted to probate the same month. Her husband, a son and two daughters survived her. By paragraph " Third " of her will testatrix gave virtually all of her estate to her executors in trust to " pay over or advance to my son, David Rankin Stubblefield, Jr., from time to time such funds as may be necessary to enable him to pursue and complete his college education, and I direct that my Executors shall use the income of the Trust for such purpose and if such income be insufficient, in addition to such income, such part of the principal as may be reasonably necessary for such purpose ". The will gives to the trustees discretion as to the amounts to be advanced to the son for such college education and as to when it " will have been completed." It further provides that when the son's college education is completed, or if he should abandon the opportunity or die before completing it, the trust shall thereupon terminate, and the balance " then remaining in said Trust shall be forthwith divided in equal shares among my said husband and my said three children, and if any of my said children be then deceased, the share of such deceased child shall be paid in equal shares to his or her issue, and if there be no such issue, the share of such deceased child shall be divided among my said husband and my children then surviving, in equal shares."

Appellants offered evidence which satisfies the court that the income from the trust will be more than sufficient to meet the college educational requirements of the son above his G.I. educational allotment, and that the principal of the trust will not be invaded and will eventually be paid over to the remaindermen as provided in the will. Prior to April, 1946, upon the proof herein, undoubtedly appellants would be entitled to the relief sought. (*Matter of Cregan,* 275 N. Y. 337; *Matter of Birdsall,* 176 Misc. 619; *Matter of Buell,* 72 N. Y. S. 2d 461.)

Respondent relies upon chapter 380 of the Laws of 1946, which amended section 249-q of the Tax Law with reference to exemptions by adding the words " and indefeasibly vested in ", so that the pertinent portion of the section now reads, " The amount of the net estate * * * transferred to and indefeasibly vested in " a husband or wife and a lineal ancestor or descendant.

The language of the bequest in the instant will is such that at least one fourth of the remainder is given to the husband in any event. It is, therefore, vested in him (*Matter of Johnson,* 212 App. Div. 768). However, the power of the trustees to invade the principal, although its use is improbable, renders

such vested interest "subject to being divested should the trustee exercise its power of discretion to invade the principal." (*Robinson* v. *Robinson,* 173 Misc. 985, 988.) If there is any possible distinction in substance between diminution of the trust in favor of a life tenant and divestment of the remainderman's interest therein, it may be said that both possibilities exist under the terms of this will. The vested share is subject to diminution by payment by the trustees for the benefit of the son and is also subject to divestment by payment by the trustees to the son. This gift of a share of the remainder to the husband is thus subject to being divested by payment to or for the benefit of the son, and it is therefore defeasible. (*Lingsweiler* v. *Hart,* 10 App. Div. 156, affd. 159 N. Y. 543; and see *Robinson* v. *Robinson, supra,* and *Matter of Goetz,* 177 Misc. 906.) The provision made as to the three fourths of the remainder of the trust is not only subject to divestment as is the one-fourth share of the husband, but it is also defeasible as to the children and contingent as to their issue and as to the husband; and hence it is not "indefeasibly vested" within the language of the amendment.

Surrogate SAVARESE, of Queens County, in a recent opinion (*Matter of Dowling,* 191 Misc. 818) has construed the amendment of section 249-q of the Tax Law and has held that unless the right of the beneficiary to a share in the estate is absolute and unconditional, no exemption may be allowed regardless of the limitations on the gift over. The purpose of the amendment as discussed in the memorandum (see N. Y. State Legislative Annual, 1946, p. 303) accompanying the bill in the Legislature amending said section supports this view. Surrogate McGAREY, of Kings County, however, has interpreted the amendment differently (*Matter of Walsh,* 189 Misc. 350).

In view of the choice of words in the amendment, to wit, " and indefeasibly vested in " I am constrained to follow the determination made by Surrogate SAVARESE in *Matter of Dowling, (supra).* I do so with reluctance, however, and only because I believe that the language of the amendment is incapable of a construction which will permit a determination herein based upon the realities of the case.

In reality the husband has a vested one-fourth interest, having a value in excess of $18,000, in the trust remainder which will not be divested. Although the provisions for the three children are defeasible, the defeasance can only be in favor of their issue or the surviving children or child, who would be entitled to exemptions of at least $5,000. Of course,

it is possible that all of the testatrix' children and their issue might die before the termination of the trust. In that case under a fair interpretation of the will all of the trust remainder would go to the husband. The testatrix has not provided for the situation in which the husband also shall predecease the termination of the trust. She has, therefore, died intestate as to such contingency, and in such event the remainder would devolve as of her death to her husband and her issue, they being the same persons designated in the will. It is certain, therefore, that if the children and their issue fail to survive the termination of the trust, the husband will receive enough more of the remainder to exceed the maximum exemption to a spouse of $20,000.

The interests of the husband and children and their issue in the three fourths of the remainder of the trust, though defeasible as to the children and contingent as to the husband and issue, is vested and indefeasible as to all of them as a group. Since anyone of them might receive all of said three fourths of the remainder, and since the one to receive it might be the husband, only the unconsumed balance of his $20,000 exemption should be available to the estate.

If the language of the amendment were capable of more than one meaning I should hold that it was not the intent of the Legislature to deprive members of decedent's family of their exemption to the minimum extent to which they are certain to receive the estate assets, that the amendment was designed to remove the exemption insofar as the assets might devolve to persons entitled to no exemption or to no additional exemption, and that its effect in this case is only to eliminate the exemptions formerly allowable in this situation to the children and their issue with respect to the trust property. It may well be doubted that the Legislature meant to go as far as the language employed reaches. As stated in substance by Surrogate McGAREY in *Matter of Walsh* (189 Misc. 350, *supra*) it is not consonant with the general disposition of the Legislature, which has been to grant exemptions to the immediate family to the extent that the members thereof must surely receive the estate assets.

The situations which may possibly arise under this section (Tax Law, § 249-q) are so many and varied that it is virtually impossible to cover them all in brief language and preserve the family exemptions; and that is particularly true with respect to the amendment herein consisting of four words. Such brief language may make for simplicity but it also lends

itself to undue and unmeant hardship. The court, however, cannot alter this amendment by judicial decision; and if the members of the Legislature on reconsidering the effect of the amendment wish to preserve the minimum exemption to the family as herein indicated, they must do so by further amendment to the section.

The appeal is, therefore, dismissed and the *pro forma* tax order entered herein on January 22, 1948, is affirmed.

Submit order accordingly.