In the Matter of the Estate of SIDNEY FABER, Deceased.

Surrogate's Court, Chautauqua County, June 22, 1948.

*Adolph F. Johnson* for State Tax Commission, appellant.

*Glen W. Woodin* for Citizens Trust Company of Fredonia, as executor and trustee under the will of Sidney Faber, deceased, respondent.

BODINE, S. This appeal concerns the construction to be placed on section 249-q of the Tax Law as amended in 1946 (L. 1946, ch. 380), as applied to remainders where the life tenant has the right of invasion.

This amendment inserted the words " and indefeasibly vested in " in subdivisions a and b so that it is now provided that no exemption is granted to a spouse in subdivision a or to descendants or others named in subdivision b unless the share to which they are entitled is " transferred to and indefeasibly vested in " them. Prior to the amendment, it has been held (*Matter of Cregan,* 275 N. Y. 337) that where the amount transferred to certain exempt individuals was readily ascertainable and even in cases where recourse to mortality and actuarial tables was necessary, exemption was properly allowed in accord with the facts.

The prior interpretation the section has received and the unequivocal import of the amendment leads me to the conclusion that where the right of the beneficiary to a share in an estate is otherwise than absolute and unconditional any allowance for exemption is absolutely precluded, and this regardless of the nature of the limitations on the gift over and regardless also of the fact that in a given case the beneficiaries either could or could not with certainty be assured of receiving at least the amount of the exemption specified in the section. This is the interpretation in substance that Surrogates SAVARESE and WITMER have placed on the section as amended, with which I am in accord. (*Matter of Dowling,* 191 Misc. 818, SAVARESE, S.; *Matter of Stubblefield,* 191 Misc. 823, WITMER, S.)

Mr. Surrogate McGAREY in *Matter of Walsh* (189 Misc. 350) arrives at a contrary conclusion. While his opinion is persuasive and well considered, I cannot agree with the result. It defeats what I deem the Legislature apparently intended to effect by its choice of the wording used considered in light of the then existing practice with which we must assume it was familiar. An indefeasible estate is an absolute estate (31 C. J. S., Estates, § 8, p. 20), and an absolute estate is one " which cannot be defeated or changed by any condition, restriction or limitation." (*Falconer* v. *Buffalo & Jamestown R. R. Co.,* 69 N. Y. 491, 498.) Here, as in the *Dowling* case (*supra*), neither the widow nor the children have acquired an indefeasible or absolute estate. The widow's life estate is defeasible to a certain extent, at least, in the event of her remarriage, while the childrens' remainders are defeasible in part by the trustees' power of invasion.

The executor contends that inasmuch as under the terms of the will the trustees may invade the principal for the comfort and support of the " wife and children " the exemption should be allowed to the children, as at least a portion of the invasion will go for their benefit. Unquestionably, there is merit in this

contention. Must it not be assumed, however, that the Legislature had such a customary contingency as this in mind when it inserted the amendment in such positive and absolute terms? If the construction finally adopted by the courts is not in harmony with the legislative intent the remedy lies with the Legislature.

It follows that the exemptions of $5,000 each to the children as provided by the order of December 31, 1947, should be disallowed and an order to that effect may be entered.