In the Matter of the Estate of Jacob Weinberger, Deceased.

Surrogate's Court, Queens County, November 10, 1948.

*Warner & Birdsall* for Arthur G. Warner and another, as executors of Jacob Weinberger, deceased, appellants.

*Fred M. Ahern* for State Tax Commission.

SAVARESE, S. The executors appeal from the *pro forma* order fixing the estate tax, claiming that the appraiser erred in failing to allow exemptions of $20,000 to the widow and $5,000 each to two of testator's three children. In addition to an exemption of $1,000 for insurance an exemption of $5,000 was allowed to testator's third child because of certain savings bank trust accounts payable to him.

Testator died on March 7, 1944, leaving a net taxable estate before exemptions of $16,572.87. His probated will disposes of the entire estate in trust as follows:

" Second. * * * b. To pay the remainder of such income to my wife during her life for the support and maintenance of herself and of those of my children who shall then be residing with her. If, however, at any time such income should be insufficient for such support and maintenance, so much of the principal, as in the discretion and judgment of both my Executor and Executrix shall be necessary, may from time to time be used for such purpose.

" c. In the event that any of my children during the life of my wife be in urgent need or distress caused by illness or other misfortune, I authorize and direct my Executor and Executrix, the survivor, or his, her, or their successor or successors, to use so much of the principal as in their discretion be necessary to relieve such urgent need or distress. This provision, however, shall not authorize the use of any part of such principal in any business venture or undertaking of any of my children.

" d. To divide, after the decease of my wife, such estate equally among my children surviving her and the lawful issue of such who shall have died, then living, share and share alike, per stirpes and not per capita, * * *."

As the testator died prior to April 1, 1946, the amendment to section 249-q of the Tax Law, embodied in chapter 380 of the Laws of 1946, is not applicable to this estate. (*Matter of Hanft* 194 Misc. 91.) The problem is not whether the " amount[s] * * * transferred to " the widow and children are " indefeasibly vested " (*Matter of Dowling,* 191 Misc. 818; *Matter of Stubblefield,* 191 Misc. 823; *Matter of Faber,* 191 Misc. 828) but whether such amounts can be readily ascertained. (*Matter of Cregan,* 275 N. Y. 337.) A value may be placed on the remainder interests of the three children for the purpose of allowing exemptions under the Tax Law although their interests are estates in expectancy contingent upon their surviving the life beneficiary. (*Matter of Cregan, supra.*) The

value of the widow's life estate can also be fixed by reference to mortality tables and her actual living habits. (*Ithaca Trust Co. v. United States*, 279 U. S. 151; *Matter of Buell*, 66 N. Y. S. 2d 180, 72 N. Y. S. 2d 461.) Exemptions have thus been allowed where the testator has rendered the value of his gifts uncertain by making them contingent upon the survival or the standard of living of his beneficiaries. However, where no means of predicting the happening of the specified contingency or where no fixed standard is given for determining the allowable invasion of trust principal exemptions have been disallowed. (*Humes v. United States*, 276 U. S. 487; *Matter of Freifeld*, 168 Misc. 370; *Merchants Nat. Bank of Boston v. Commissioner of Internal Revenue*, 320 U. S. 256.)

In this case the testator has added directions that principal be invaded for the support of any children who may be living with the widow, and also for the benefit of the children in the event of their "urgent need or distress caused by illness or other misfortune ". The appellants assert that the likelihood of such resort to corpus is exceedingly remote because all the children were and continue to be of ample independent means. It appears, however, that one son is now living with the widow, and no one can predict the chances that the others will do so. In addition, the children may render the widow's life estate valueless in the event of their " urgent need or distress caused by illness or other misfortune ". The chances that this may happen are incapable of measurement. (*De Castro's Estate v. Commissioner of Internal Revenue*, 155 F. 2d 234; *National Bank of Commerce of San Antonio v. Scofield*, 169 F. 2d 145.)

The court, therefore, concludes that the exemptions claimed by appellants are not allowable because the values of the interests transferred to the widow and children of the testator under the will are not readily ascertainable.

Appellants further argue that at least two additional exemptions of $5,000 each should be allowed because either of the two extreme possibilities under the terms of the will would result in the entire trust fund passing to a group of persons aggregately entitled to exemptions of at least $15,000. Thus, if the widow should receive the entire corpus, her exemption of $20,000 would not be consumed, while if the three children should take the entire fund they would be entitled to exemptions totaling $15,000. (See *Matter of Mancuso*, 170 Misc. 298; *Matter of Birdsall*, 176 Misc. 619; *Matter of Walsh*, 189 Misc. 350.) It is, however, possible that the one son whose $5,000 exemption has

already been used up will receive the entire principal during the widow's lifetime. In any event, the statute "provides for exemptions on an individual, not a group, basis. Each gift and each person must qualify separately for the exemption". (*Matter of Dowling, supra.* p. 823.)

The attorney for the State Tax Commission requests that the matter be remitted to the appraiser with directions to reduce the exemption of $5,000 allowed to one child to $4,904.87 because that was the value of the savings bank trust accounts payable to him. As the tax commission took no appeal from the *pro forma* order, this request cannot be granted.

The appeal is overruled and the *pro forma* order is affirmed.