In the Matter of the Estate of WILLIAM VAN COTT, Deceased.

Surrogate's Court, Westchester County, April 21, 1949.

*Jacob S. Ruskin* for Ethel Beusse, as executrix of William Van Cott, deceased, appellant.

*Hamilton McInnes* and *William G. Ross* for State Tax Commission.

GRIFFITHS, S. This is an appeal by the executrix under the will of this decedent from a *pro forma* order dated October 26, 1948, fixing the estate tax upon the report of the appraiser. The appeal is based upon the failure of the appraiser to allow any exemptions under subdivision b of section 249-q of article 10-C of the Tax Law (as amd. by L. 1946, ch. 380).

The decedent died on April 7, 1948, leaving a will which was probated in this court on April 19, 1948. By article " Third " of his will the testator devised a parcel of improved real property known as No. 10 St. Joseph Street, New Rochelle, New York, valued at $7,500, to his daughter Edna Heffron " for life or until she is no longer the wife of her present husband Joseph Heffron and remarries thereafter ". In the event the said daughter does remarry, the will directs that the executrix sell the said property and divide the proceeds equally among the testator's three named children, of whom the said daughter Edna is one, or their issue, per stirpes. The will further directs that if the said daughter Edna should die " before remarrying ", the executrix sell the said property and divide the proceeds " among her surviving brother and sister, share and share alike, or their issue per stirpes ". The residuary estate is left to the three children of the testator equally. Since the report of the appraiser shows that the allowable deductions will exhaust the entire residuary estate, the question presented for determination is whether the interests under article " Third " of the will are indefeasibly vested within the meaning of section 249-q of the Tax Law. (See Tax Law, § 249-s, subd. 1.)

A determination of the question presented requires a consideration of the principles of estate taxation. In referring to the effect of the then operative transfer tax law the Court of Appeals said in *Matter of Penfold* (216 N. Y. 163) at page 167 : " The tax (so called) is the toll or impost appropriated to itself by the state for or in connection with the right of succession to property. It accrues, therefore, at the same time that the estate vests, that is upon the death of the decedent. The nature of the tax and the time of its accrual has been repeatedly stated by this court. In *Matter of Swift* (137 N. Y. 77, 83) the court said : ' The question is whether the legislature of the state, in creating this system of taxation of inheritances, or testamentary gifts, has not fixed as the standard of right the property passing by will, or by the intestate laws. What has the state done, in effect, by the enact-

ment of this tax law? It reaches out and appropriates for its use a portion of the property at the moment of its owner's decease; allowing only the balance to pass in the way directed by testator, or permitted by its intestate law ' ''. See, also, *United States* v. *Perkins* (163 U. S. 625) and *Matter of Ryle* (170 Misc. 450). Moreover, the statute now provides that the value of the property subject to estate tax must be determined as of the date of the decedent's death. (Tax Law, § 249-r.) In the absence of any indication of a contrary intent, it must be assumed that in extending exemptions to transfers made to persons within the prescribed degree of relationship to the decedent, the Legislature intended that the values of such transfers also be determined as of the date of death. See section 249-q of the Tax Law. Prior to the 1946 amendment to this section (L. 1946, ch. 380) an exemption was allowed if the '' amount '' transferred to persons in the exempt class was readily ascertainable. (*Matter of Cregan,* 275 N. Y. 337.) The computation of the present value of future estates was made by the use of mortality tables. The amendment provides that the property transferred to persons in the exempt class must be '' indefeasibly vested '' in them.

It is clear that the remainder interests given under article '' Third '' of the will are not '' indefeasibly vested ''. Indefeasible means '' not subjected to being defeated or avoided '' (Ballentine's Law Dictionary [1930 ed.] p. 630) or '' that which cannot be defeated or undone '' (Bouvier's Law Dictionary [Rawle's 3d Revision], p. 1532). The legal life estate of the daughter Edna is defeasible in the event of the dissolution of her marriage to her husband, Joseph, and of her remarriage; the remainder interest passing to each of the three children upon such remarriage is defeasible by reason of death before the occurrence of such event. Likewise, upon the termination of the life estate of Edna, the remainder interest passing to the other two children are defeasible by their predeceasing her. While the gifts over in both contingencies are to '' issue '', who would be '' lineal descendants '' of the testator within the meaning of the statute, it is impossible to determine, as of the date of death of the testator, the number of shares or subshares into which the remainder interest will be divisible. However inequitable it may seem, the court is of the opinion that unless the right of a beneficiary to share in the estate is unconditional, no exemption may be allowed under the statute as it now reads, regardless of the limitations on the gift over. (*Matter of Stubblefield,* 191 Misc. 823; *Matter of Faber,* 191 Misc. 828.)

The court has considered the circumstance that in any contingency the reasonable probabilities are that the remainder interest will vest in one or more persons in the exempt class. (See *Matter of Walsh*, 189 Misc. 350.) Assuming, without deciding, that the remainder interest may so vest, nevertheless no relief would be afforded to the appellant, for the statute is clear that exemptions are allowed on an individual basis and not on a group basis.

Without deciding whether the value of the interest in the real property in question devised to the daughter, Edna, for life or until her remarriage, is capable of calculation and can be legally made under existing law, the court notes that no proof of such value has been offered. On the present record the qualification of such interest for an exemption cannot therefore be determined.

The appeal is dismissed and the *pro forma* tax order made and filed herein on October 26, 1948, is affirmed.

Settle order accordingly.