In the Matter of the Estate of ALFRED C. LEONARD, Deceased.

Surrogate's Court, Orange County, October 13, 1950.

*Elwood C. Smith* for Esther C. Leonard, as executrix of Alfred C. Leonard, deceased, appellant.

*Charles H. Borland* for State Tax Commission, respondent.

TAYLOR, S. The widow of the above-named decedent, individually and as executrix, has appealed from the *pro forma* tax order entered upon the appraiser's report and claims error in that the appraiser declined to allow an exemption to her under section 249-q of the Tax Law. The appraiser takes the position that her interest was not " transferred to and *indefeasibly vested in* " (italics supplied) her as is requisite to an exemption under subdivision a of the Tax Law section. It should be noted that the decedent died October 30, 1949, prior to the amendments to the Tax Law providing for the so-called " marital deduction ". The determination of the question turns upon the interpretation to be given to an apparently simple and unambiguous phrase " transferred to and indefeasibly vested in " which was added to the Tax Law in 1946. (L. 1946, ch. 380.)

The dispositive provision of the will giving rise to this controversy is " Second: I give, devise and bequeath my property, real and personal, to my wife Esther C. Leonard absolutely if

living at the date this instrument is admitted to probate; otherwise, I give, devise and bequeath the same in equal shares to my children who are surviving on such date."

In brief, it is the contention of the appellant that if the widow were living at the time of the probate of the will (and she was living at that time), then at that moment the property was "transferred and indefeasibly vested in" her, and that the time of vesting, for the purposes of the tax exemption, is the probate of the will. There is no problem in this case as to whether or not the will was promptly probated.

It may be that, in part at least, the quoted words were added to the statute because of the decisions in *Matter of Mancuso* (170 Misc. 298); *Matter of Birdsall* (176 Misc. 619); *Ithaca Trust Co.* v. *United States* (279 U. S. 151), and *Matter of Cregan* (275 N. Y. 337). It is a cardinal principle in statutory construction that a given statute is to be construed against the factual background giving rise to its enactment and the purpose to be accomplished (*Matter of Dwyer*, 192 App. Div. 72; *Matter of Lapolla* v. *Board of Educ. of City of N. Y.*, 195 Misc. 651, affd. 275 App. Div. 1038).

In solving tax problems, we must keep in mind the fact that they are *sui generis*, that " taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed — the actual benefit for which the tax is paid " (*Corliss* v. *Bowers*, 281 U. S. 376, 378), and that " Technical considerations, niceties of the law of trusts or conveyances, or the legal paraphernalia which inventive genius may construct as a refuge from surtaxes should not obscure the basic issue." (*Helvering* v. *Clifford*, 309 U. S. 331, 334.)

In the interpretation of tax statutes it is a firmly-established principle that exemptions are the exception, and should be strictly construed. (*Matter of Burnham*, 112 Misc. 560, affd. 196 App. Div. 948, affd. 232 N. Y. 506; *Lindstrom* v. *Commissioner of Internal Revenue*, 149 F. 2d 344.)

Our Tax Law now is an " Estate Tax " as distinguished from a " transfer tax ". The tax " is upon the right of transfer of property from the dead to the living, * * * The tax is on the shifting of economic benefits of property from the dead to the living." (*Matter of Coster*, 167 Misc. 937, 945, affd. 255 App. Div. 707, affd. 280 N. Y. 598.)

The court in *Matter of Meyer* (176 Misc. 266) described the theory of the estate tax as " an impost exacted by the sovereign on the privilege of transmitting property on death."

Upon the death of a person his property, *eo instanti,* vests in his distributees as the same may be defined by then existing law, subject to being divested upon the later probate of a valid will disposing of the property otherwise. On the other hand, if there be a will that instrument can be said to exist in strict legal contemplation only upon its probate. These propositions bring us to the question of whether or not the existence of a valid will, so judicially determined, vests the testator's property in the legatees and devisees as of the probate of the will, or in the event of unnecessary delay at the termination of a reasonable length of time for probate, or has relation back and vests the property in the beneficiaries as of the testator's death.

It has been very aptly said that "Law like nature abhors a vacuum. For this reason it is the prevalent conception that the rights of those succeeding to property upon a death attach immediately, with no intervening hiatus of ownership." (*Matter of Killough,* 148 Misc. 73, 86.)

The same proposition was thus stated in *Matter of Hilliard* (164 Misc. 677, 692, affd. 254 App. Div. 879).

"It is the theory of the law that all valuable property must belong to some one and that devolution of the assets of a decedent to those entitled thereto takes place immediately on death without any intervening hiatus of ownership * * * even though the ascertainment of the identity of such owner may at times be fraught with difficulty or even be presently impossible of absolute determination. * * * It follows, therefore, that when a division of gift is made as in the erection of a trust, the life user becomes vested at once with his right to use and the ultimate presumptive taker according to then existing facts immediately becomes possessed of at least the potential right to receive the deferred enjoyment of the asset which has been accorded to him."

In the *Meyer* case (176 Misc. 266, *supra*), even though it involved an intestate estate, the statement (p. 267) that "Such transmission or devolution occurs at the instant of death of the former owner of the property" is believed to express the general law applicable alike to both intestate and testate estates.

Pertinent here is the holding in *Matter of Goldsmith* (175 Misc. 757, 759) that "While the election of the widow was not made until much later, the rights of the parties became fixed as of the date of death and so the text of section 18 of Decedent Estate Law as it existed at date of death must provide the rule for contribution."

As a corollary to the statements just made " It is a principle of substantially universal application that a will speaks and is operative from the moment of death ". (*Matter of Williams*, 162 Misc. 507, 509, affd. 254 App. Div. 741.)

Illustrative of the rule that a will speaks as of the date of the testator's death, and that all tax computations are to be made as of that time, are the principles that the beneficiary of a trust is entitled to income from the date of the testator's death unless the will otherwise provides, that a life tenant is likewise entitled to income; that a life estate is to be valued according to mortality tables as of the date of the testator's death regardless of the fact that before valuation has been made and perhaps far short of the period of expectancy the life tenant may have died; that real and personal property for estate tax purposes are to be valued as of the decedent's death regardless of the impact of subsequently occurring events, and it is quite unimportant from a tax standpoint that there may have been considerable shrinkage in the estate between the date of death and the fixation of the tax; that penalty interest for late payment of the tax is to be computed from date of death, and that commissions are computed for tax purposes on the appraised value of the estate as of the time of death without regard to subsequent changes in value. (*Matter of Hard*, 261 App. Div. 192; *Matter of Wallin*, 168 Misc. 667; 2 Scott on Trusts, § 234; *Lawrence v. Littlefield*, 215 N. Y. 561; *Matter of Cregan*, 275 N. Y. 337, *supra; Matter of Delafield*, 142 Misc. 536; *Bullard v. Benson*, 1 Dem. 486, affd. 31 Hun 104, mod. *sub nom. Matter of Benson*, 96 N. Y. 499; *Matter of Frauenthal*, 143 Misc. 847; *Matter of Caputo*, 142 Misc. 716; *Matter of Man*, 181 Misc. 911, affd. 267 App. Div. 985; *Matter of Harjes*, 170 Misc. 431; *Matter of Hazard*, 228 N. Y. 26.) It is to be noted, too, that the estate tax is based upon the " net estate ", (Tax Law, § 249-q) which means obviously the valuation as of the decedent's death less proper deductions, whether such items of deduction accrue before or after death.

*Matter of Cregan* (275 N. Y. 337, 341, *supra*) states: " The tax is ' upon the transfer of the net estate ' of the decedent and is based upon the value of the estate transferred when the transfer takes place, *i.e.*, the date of the decedent's death. Every interest of the decedent in real or personal property is ' transferred ' within the contemplation of the statute upon his death and is included in the gross estate, and, subject to the deductions permitted and defined by the statute, becomes part of the ' net estate.' "

Turning to the dictionary we find that "Indefeasible" is defined as "not defeasible; incapable of being annulled or made void"; "defeasance" is defined as "rendering null or void. A condition, relating to a deed or other instrument, which being performed, the deed or instrument is defeated or rendered void", and "defeasible" as "capable of being, or liable to be, voided, annulled, or undone." (Webster's New International Dictionary, 2d ed., unabridged.)

Indefeasible title or estate is thus defined in Corpus Juris Secundum (31 C. J. S., Estates, § 8) as follows: "A title in fee or fee simple is a full and absolute estate, beyond and outside of which there is no other interest or right; a title to the whole of the thing absolutely; it is an indefeasible title or estate, in which is blended the right of possession and the right of property."

It was said in *Falconer* v. *Buffalo & Jamestown R. R. Co.* (69 N. Y. 491, 498) that "An absolute conveyance, an absolute right, an absolute estate, an absolute sale, is that which cannot be defeated or changed by any condition, restriction or limitation."

Applying the words of the statute "indefeasibly vested" to the instant case, it is clear that assuming, as we must, that the will spoke as of the testator's death, that upon its probate it related back to that time and that the widow was not "indefeasibly vested" with the title to testator's property at the time of his death, for if we assume she was vested with the one-third interest and the children with a two-thirds interest at the moment of death, such interests were subject to defeasance or divestment by the later probate of the will disposing of the testator's property otherwise, and, further, the widow was not "indefeasibly vested" with the property as of the date of decedent's death, for it was necessary so to be that she be living at the time of the probate.

Akin in principle to the instant case are those cases in which exemptions were denied such as *Matter of Van Cott* (194 Misc. 984) where there was a devise of real property to a daughter "for life or until she is no longer the wife of her present husband * * * and remarries thereafter"; *Matter of Dowling* (191 Misc. 818) where the life-estate to the widow was defeasible in the event of her remarriage, and in which it was stated that the preliminary question was "are the interests created by the will 'indefeasibly vested' at the date of the decedent's death? If they are, then, and only then, may we inquire into the 'amount' that has so vested" (p. 821); *Matter of Stubblefield*

(191 Misc. 823) wherein the will allowed a permissive encroachment upon principal; *Matter of Faber* (191 Misc. 828) in which the will permitted the trustees to invade the principal for the support of the wife and children; *Matter of Benson* (275 App. Div. 226) in which the trustee was empowered " to use as much of the principal as shall be necessary for her [the widow's] comfort and support ", and *Matter of Hanft* (194 Misc. 91) in which the trustee was authorized to pay over to the wife " all or so much of the principal of this trust from time to time as in his exclusive judgment or discretion shall be necessary or advisable."

The conclusion reached is that for tax purposes, conditions as they existed at the time of the testator's death in the light of his will subsequently probated having related back to the time of death, the gift to the widow under the will was not " indefeasibly vested in " her and that the appraiser was correct in denying the statutory exemption.

The appeal will be disallowed.